HALLER BEVERAGE CORPORATION and another, Appellants, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*No. 197. Argued November 4, 1970.—Decided December 4, 1970.*
(Also reported in 181 N. W. 2d 418.)

234

For the appellants there was a brief by *Charles W. Sturm* and *William C. Sturm*, both of Milwaukee, and oral argument by *William C. Sturm*.

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *James P. Altman*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

ROBERT W. HANSEN, J. The Wisconsin Workmen's Compensation Act provides that ". . . where injury results from the intoxication of the employee, the compensation and death benefit provided herein shall be reduced 15%. . . ." [1] The burden of proof is upon the employer to establish: (1) The fact of intoxication; (2) That the injury was caused by the intoxication.[2]

On the issue as to intoxication, the employer and insurance carrier relied upon the .29 percent blood test and expert witness testimony that a person with a .29 percent alcohol by weight in the blood was intoxicated. The widow relied upon the testimony of a tavernkeeper-customer who observed the deceased fifteen minutes before the accident and testified that the deceased "looked good and was not drunk." This witness testified that the deceased talked, walked and wrote "good." There is credible evidence in the record sufficient to support the department finding that the deceased was "probably intoxicated."

On the issue as to causal connection between intoxication and accident, the employer and insurance carrier

---

[1] Sec. 102.58, Stats.

[2] ". . . If the employer fails to convince the Industrial Commission, or if the commission has a legitimate doubt about the alleged intoxication or its causal relationship with the injury, then it is the duty of the commission to deny the claim for a decrease in the compensation. . . ." *Massachusetts Bonding & Ins. Co. v. Industrial Comm.* (1959), 8 Wis. 2d 606, 609, 99 N. W. 2d 809. ". . . This section recognizes an employee may be intoxicated and while in such condition receive an injury not caused by his intoxication." *Id.* at page 608.

presented no additional proof, by way of expert testimony or otherwise. Instead they relied to prove causation upon the absence of evidence as to tire blowout, steering mechanism failure, deer crossing the road or other distraction that might account for the car hitting the bridge abutment. In meeting a burden of proof, absence of testimony is not the same as presence of testimony.[3] It is true that the employer and insurance carrier were not required to negate all possible explanations of the car veering to hit the abutment. But they were required to establish a causal link between the condition of intoxication and the injury. This they did not do. Their expert witness did not testify that the .29 percent alcohol in the blood, standing alone with no corroborating physical evidence, was the cause of the car hitting the abutment. In fact, he did not give an opinion as to the cause of accident and death. With no causal relationship established between condition of intoxication and causation of the accident, the case becomes analogous to and controlled by the case of *Massachusetts Bonding & Ins. Co. v. Industrial Comm.*, above cited.[4] There the claimant's injury resulted from a fall down a flight of stairs. There was evidence of intoxication but no evidence as to how the accident occurred. There the court stated:

". . . To find Tate's injury was caused by intoxication on the record presented would be speculative and conjectural. The appellant's contention of intoxication based on the evidence gives rise at the most only to a suspicion that such might be the case. . . . But assuming Tate was intoxicated, there is no proof the intoxication caused the injury. . . ."[5]

[3] *See M. W. Martin, Inc. v. Industrial Comm.* (1961), 13 Wis. 2d 574, 584, 109 N. W. 2d 92, where commission finding " 'that it cannot be determined from the record herein whether the deceased entered the ditch intentionally or accidentally' " was affirmed.

[4] (1959), 8 Wis. 2d 606, 99 N. W. 2d 809.

[5] *Id.* at pages 611, 612.

The burden of proof was on the employer and insurance carrier to establish, not only the fact of intoxication, but a causal connection between such condition and the injury or accident. As the examiners found, the department held, and the circuit court confirmed, this burden of proof was not here met.

*By the Court.*—Judgment affirmed.