Irene Gentry

*v.*

The Lilly Company and Reliance
Insurance Company.

476 S.W.2d 252.

(*Jackson,* April Term, 1971.)

Opinion filed December 20, 1971.

Petition to Rehear Denied February 22, 1972

WILBURT J. CHIAPELLA, CHIAPELLA & PARISH, Memphis, for appellant.

JOHN H. HARRIS, JR., CHANDLER, MANIRE, JOHNSON, & HARRIS, Memphis, for appellees.

710

Mr. Justice McCanless delivered the opinion of the Court.

Irene Gentry filed her bill against The Lilly Company, the employer of her husband, Ralph Gentry, and against its insurance carrier, to recover on behalf of her husband's five dependent minor children and on her own behalf the death benefits provided by the Workmen's Compensation Law. The Chancellor decreed that when he was killed, Ralph Gentry had deviated from the scope of his employment and that his death was not compensable. He dismissed the complainant's bill and she has appealed.

Ralph Gentry was a mechanic employed by The Lilly Company to service fork lifts and other equipment. Usually he worked in Memphis but from time to time he serviced equipment at other places.

On June 15, 1970, Gentry left Memphis in a truck owned by The Lilly Company to go to Mississippi to work on the machines of several of the company's customers.

The company had furnished him a service order for each piece of equipment he was to repair. The company required that he maintain daily cost cards on which he showed his itinerary and the time he had spent on each job.

On the afternoon of the fifteenth Gentry worked in Tupelo and Aberdeen, Mississippi, and then drove to Corinth, Mississippi, where he spent the night. On the next day he worked in Corinth, servicing equipment in two locations, and spent that night there. On that day, the sixteenth, he had a telephone conversation with The Lilly Company's shop superintendent, Bill White, and arranged to have certain parts sent him. Mr. White gave him another service order which he remembers was for work at the Wurlitzer Plant in Holly Springs, Mississippi.

On the seventeenth Gentry worked in Corinth until five o'clock in the afternoon and then went to Holly Springs. After the call at the Wurlitzer plant he had no other work and in due course would thereupon have driven back to Memphis. Under the company's rules he would have returned his truck to the office of The Lilly Company if he had arrived there before five o'clock, but if after five o'clock he was allowed to take the truck to his home.

Ralph Gentry was killed in a collision between the truck he was driving and another vehicle on June 18, 1970, at about twenty minutes after one o'clock in the morning on Swinnea Road, less than two miles from his home and on what was the direct route between Holly Springs and his home.

Both Gentry and the driver of the other vehicle were killed in the collision. The passenger in the other vehicle

was seriously hurt and had no recollection of the occurrence. The record contains no evidence about the condition of the two vehicles or their respective positions after they had collided.

The medical examiner, a pathologist, drew samples of blood and of urine from the bodies of Ralph Gentry and the driver of the other vehicle involved in the collision. Gentry's blood had an alcohol reading of .23 per cent, which the pathologist testified was sufficient to evidence intoxication.

Gentry's business at the Wurlitzer plant in Holly Springs had been concluded at about half past six in the afternoon. The distance home was about fifty miles and the time required to drive it was about an hour; but the fatal collision did not occur for nearly seven hours and there is no accounting for this long lapse of time.

The Chancellor found and the defendants insist that the lapse of time and the intoxicated condition of Gentry at the time of his death establish a deviation from the employment which precludes the recovery of workmen's compensation benefits. This is the only issue presented by the appeal. If the delay or the intoxication or their combination constituted a deviation, then there can be no recovery; but if there was no deviation when the fatal collision took place, then the complainant is entitled to the recovery for which she has sued.

Professor Larson in his "Workmen's Compensation Law" has said:

"30.00 Misconduct of the employee, whether negligent or wilful, is immaterial in compensation law, unless it takes the form of deviation from the course

of employment, or unless it is of a kind specifically made a defense in the jurisdictions containing such a defense in their statutes."

He also said:

"34.00 Voluntary intoxication which renders an employee incapable of performing his work is a departure from the course of employment. Otherwise, apart from special statute, evidence of intoxication at the time of injury is ordinarily no defense, at least unless intoxication was the sole cause of injury. . . ."

The applicable Tennessee statute is carried into the Tennessee Code as Section 50-910 and is as follows:

"No compensation shall be allowed for an injury or death due to the employee's willful misconduct or intentional self-inflicted injury, or due to intoxication, or willful failure or refusal to use a safety appliance or perform a duty required by law. If the employer defends on the ground that the injury arose in any or all of the above stated ways, the burden of proof shall be on the employer to establish such defense."

■ The burden of proving that the injury was due to misconduct or intoxication rests on the employer. *Frost v. Blue Ridge Timber Corp.*, 158 Tenn. 18, 11 S.W.2d 860 [1928]; *Coleman (American Casualty Co.) v. Coker*, 204 Tenn. 310, 321 S.W.2d 540 [1959]. In the record before us we have no proof from which it may be found that the intoxication of Ralph Gentry caused or contributed to the collision in which he was killed. The record does not show on which side of the roadway were the respective vehicles, what were their rates of speed, or the other things that cause and contribute to motor vehicle collisions.

We quote from a recent opinion of the Supreme Court of Wisconsin:

"On the issue as to causal connection between intoxication and accident, the employer and insurance carrier presented no additional proof, by way of expert testimony or otherwise. Instead they relied to prove causation upon the absence of evidence as to tire blowout, steering mechanism failure, deer crossing the road or other distraction that might account for the car hitting the bridge abutment. In meeting a burden of proof, absence of testimony is not the same as presence of testimony. It is true that the employer and insurance carrier were not required to negate all possible explanations of the car veering to hit the abutment. But they were required to establish a causal link between the condition of intoxication and the injury. This they did not do. Their expert witness did not testify that the .29% alcohol in the blood, standing alone with no corroborating physical evidence, was the cause of the car hitting the abutment. In fact, he did not give an opinion as to the cause of accident and death. With no causal relationship established between condition of intoxication and causation of the accident, the case becomes analogous to and controlled by the case of *Massachusetts Bonding & Ins. Co. v. Industrial Comm.,* above cited. There the claimant's injury resulted from a fall down a flight of stairs. There was evidence of intoxication but no evidence as to how the accident occurred. There the court stated:

" '* * * To find Tate's injury was caused by intoxication on the record presented would be speculative and conjectural. The appellant's contention of intox-

ication based on the evidence gives rise at the most only to a suspicion that such might be the case. \* \* \* But assuming Tate was intoxicated, there is no proof the intoxication caused the injury. \* \* \* ' ''

*Haller Beverage Corp. v. Dept. of Industry, Labor & Human Rel.*, 49 Wis.2d 233, 181 N.W.2d 418 [1970].

We conclude that it was not proved in this case that intoxication was the proximate cause of Ralph Gentry's death or that at the time of the occurrence of the fatal collision he was deviating from his employment by The Lilly Company. The defendants failed to carry the burden of proving these things.

The defendants insist that under the facts as proved, Ralph Gentry had departed from his employment when he was killed and that for that reason his death is not compensable. It is argued that from the time he left Holly Springs—sometime after half past six in the afternoon—until he was killed while in an intoxicated condition at about twenty minutes after one o'clock the next morning, a period of nearly seven hours had passed, by far the greater part of which is unaccounted for, and that this amounted to a deviation from his employment which continued until his death. Assuming a deviation—and we do not know the facts—Gentry was on the way home, following the usual and best route, and driving the company truck, when the collision occurred. If he had deviated he at some time had resumed his duty and was on the way home with the truck in performance of his duty.

We conclude that for whatever reason the journey home may have been interrupted, there did not exist at the time of the fatal collision a deviation or departure from Ralph Gentry's employment.

█ We do not disturb the findings of fact of the trial court in a workmen's compensation case when such findings are supported by material evidence. *Brewer v Pocahontas Fuel Co.*, 221 Tenn. 130, 425 S.W.2d 582 [1968]. But this opinion is authority also for the rule that we may reach conclusions of law that differ from the conclusions of the trial judge.

We are of opinion and hold that the complainant, for herself and for the minors for whom she also sues, is entitled to an award as provided by the Workmen's Compensation Law against the defendant, The Lilly Company, and its insurer, Reliance Insurance Company. We remand the cause to the Chancery Court for a determination of the amount due the widow and to each of the children. A decree will be entered accordingly.

HUMPHREYS, JUSTICE, and JENKINS, SPECIAL JUSTICE, concur.

DYER, CHIEF JUSTICE, and CRESON, JUSTICE, dissent.

MR. CHIEF JUSTICE DYER, (dissenting).

As I view this case the issue here on appeal is whether there is any evidence in the record to support the finding of the chancellor the death of Gentry did not arise out of and in the course of his employment.

The evidence supports there is a lapse of seven hours between the time Gentry completed his last work of the day for his employer, at which time he was one hour from home. There is also evidence to support a finding he spent the greater part of this time on a mission of his own; that is, imbibing alcoholic beverages. The in-

toxication enters into the case not as a defense under T.C.A. sec. 50-910, but as an element to show the employee had, in fact, left his employment to go off on a mission of his own.

After proof of the above facts, there is proof Gentry returned to the highway, which was his normal route home and while traveling on this route he was killed in an accident. The question then is whether Gentry re-enters his employment so as to be entitled to workmen's compensation benefits when he reaches his normal travel route home after having left his employment for a mission of his own.

In deciding this issue I think the evidence has to be viewed as a whole to determine if there is any material evidence to support the chancellor. I do not think there is any hard and fast rule that if an employee, after leaving his employment, returns to his normal travel route necessitated by his employment he re-enters his employment.

In determining whether an employee has deviated from his employment and then returned, or has, in fact, abandoned his employment, at least for the day in question, the reasonableness of the deviation should be considered. In considering the reasonableness of the deviation, the time elements and the activities of the employee should be carefully examined and considered.

I think there is material evidence to support the finding of the chancellor that the employee had, in fact, at least for the balance of the day in question, abandoned his employment to go off on a mission of his own, and

that his death did not arise out of and in the course of his employment.

As I view the matter, willful misconduct under T.C.A. sec. 59-910 is not an issue in this case.

I respectfully dissent.

CRESON, JUSTICE, joins in this dissent.