**AMERICAN LAVA CORPORATION,**
**Appellant,**

v.

**Nick R. SAVENA, Appellee.**

Supreme Court of Tennessee.

April 2, 1973.

———◆———

Luther, Anderson & Ruth, Jeffrey L. Cleary, Chattanooga, for appellant.

Bean, Phillips & Bean, Chattanooga, for appellee.

## OPINION

JOHN W. WILSON, Special Justice.

This is an appeal from the second division of the Criminal Court of Hamilton County, Tennessee, from the action of the court below in awarding the employee, Nick R. Savena, total and permanent disability benefits under the Workmen's Compensation Act. This case has previously been before this Court (American Lava Corporation v. Savena, Tenn., 476 S.W.2d 639 (1972)) on a procedural matter not touching the merits of the controversy between the parties.

For convenience, the appellant, American Lava Corporation, will be referred to as the employer, and the appellee, Nick R. Savena, as the employee.

The employee, Nick R. Savena, received a back injury on or about May 1, 1970, while working for the employer, American Lava Corporation. He was treated by two physicians, Dr. Barry P. Norton, a neurosurgeon in Chattanooga, and by Dr. George Shelton, an orthopedic surgeon in Chattanooga. The employee was admitted to Memorial Hospital in Chattanooga where, after an x-ray procedure to his spine known as a myelogram, the employee underwent back surgery for a ruptured disc. After the disc removal operation, the employee's condition began to improve. However, due to post-operative scarring which developed, a second operation was subsequently performed for removal of additional disc material and scar tissue. The employee was readmitted to the hospital some months later for therapy, after which therapy there was slight, but no dramatic, improvement. In March, 1971, Dr. Norton, the neurosurgeon, advised consultation with Dr. Shelton as to whether the petitioner should have a fusion. This was refused by the employee and was designated by the doctors as a ma-

jor operation. Upon employee's continued complaint of pain, the employee again entered the hospital and Dr. Norton performed an x-ray procedure known as a laminagram, for the purpose of ascertaining whether there had been an erosion of one of the vertebral bodies or one of the larger bones in the back, which test and examination was negative. This appears to be the last time either of the two aforementioned doctors saw the employee. In September, 1971, the employee obtained employment at a service station, in which employment he was continually engaged up to and at the date of the trial, which was concluded on March 24, 1972. The starting salary with the service station was $1.60 per hour, and his workday was 48–50 hours, sometimes 40. During his employment with the service station, his salary was increased to $1.70 per hour and the employee described his duties as pumping gas, checking oil, putting oil in cars, and occasionally checking tires. During his employment, the employee did complain of pain.

Dr. George W. Shelton, orthopedic, was called as a witness by the employee and Dr. Norton's deposition was read by the employer. Each of the doctors gave the employee a 30% medical disability to the body as a whole, but could not testify as to any industrial disability, stating that the disabilities were not one and the same thing. Dr. Shelton stated that 30% for a back injury of the type the employee sustained was a little more than usual, but not a great deal more.

At the conclusion of the trial, the court took the matter under advisement, and on May 9, 1972, entered an order setting out his findings and awarding the employee 100% total and permanent disability. From this order we quote, in part, as follows:

"He went home, after leaving work and had pain in his back and could not sleep. He returned to work on Monday, and went to the first aid station and subsequently was sent to Dr. George Shelton for examination and x-ray. Dr. Shelton gave him heat treatments and muscle relaxer.

Nick R. Savena further testified he was off from work about a month and went back to work in June and could not perform his duties, that is lifting or pulling heavy objects. He further testified that he got up one morning to go to work and collapsed in the middle of the floor and his wife took him to Memorial Hospital and was under the care of Dr. Shelton and subsequently, Dr. Barry P. Norton, a neurosurgeon, was called in on the case and gave the defendant an examination.

Dr. Barry P. Norton and Dr. George Shelton treated the defendant, and two operations were performed on the defendant's back, two discs were removed.

Dr. Norton testified that he did rate the defendant to have 30% disability to the body as a whole. Dr. Shelton testified that he rated the defendant as having 30% medical disability on a permanent basis.

It appears to the court that Nick R. Savena was only qualified to do manual labor before the accident and that the lack of sufficient education causing him to be unqualified to do any other type of work, except as possibly working in a filling station where he is physically limited from picking up any heavy objects and that even though he is forced to work in a filling station he still has severe pain in his back.

The court makes a finding of fact in this case from all pleadings, the testimony of all witnesses, that Nick R. Savena has a total and permanent disability, which is supported by material evidence.

The court cites recent cases in support of this decision.

In the case of Federated Mutual Imp. and Hard. Insurance Company v. An-

drew Cameron, 422 S.W.2d 427, the court said, 'The petitioner in this case attained only an eighth-grade education and has been employed throughout his lifetime at tasks involving manual labor. The trial court found that since the accident, the petitioner was capable of performing only odd or menial jobs such as answering the telephone.' We feel there is no serious question on this record but that the trial courts finding of petitioner's total and permanent disability is supported by material evidence."

Thereafter, the court cited and quoted from the case of Bush Bros. & Company v. Williams, 197 Tenn. 334, 273 S.W.2d 137.

The employer filed a motion to reconsider, which motion, on June 30, 1972, was overruled, and we quote:

"The Court further makes a finding of fact that the motion to reconsider the Court's order awarding Nick R. Savena total and permanent disability benefits under Workmen's Compensation Act of the State of Tennessee be overruled.

It is the opinion of the court that, that part of the motion of the complainant American Lava Corp., as to credit of temporary total disability payments should be sustained, in view of the holding in the above cited case of Bland Casket Co. v. Davenport [221 Tenn. 492, 427 S.W.2d 839]."

The citation for the Bland Casket Co. case is 221 Tenn. 492, 427 S.W.2d 839.

The employer duly excepted and prayed an appeal to this Court and assigns errors as follows:

"I.

The Court erred in its application of T.C.A. 50-1007(e) in holding that although the employee was not totally incapacitated from working in an occupation which brings him an income that nevertheless he was entitled to permanent total dis-

ability benefits under the Workmen's Compensation Law.

II.

The Court erred in overruling the employer's motion to reconsider in that it had erred in its application of T.C.A. 50-1007(e) in holding that although the employee was not totally incapacitated from working in an occupation which brings him an income that nevertheless he was entitled to permanent total disability benefits under the Workmen's Compensation Law."

The question presented on this appeal is somewhat unusual. It will be noticed from the findings of the trial court, as set out above, that the trial court states his conclusion that the employee is 100% disabled "is supported by material evidence," and says nothing about the weight of the evidence.

The position of the parties in the cause as to the findings of the trial court may be seen from the following quotes from the briefs of each:

First, the employee:

"The appellee respectfully submits that the case at bar is not to be heard as an appeal de novo, as is a situation in most Workmen's Compensation appeals, but the only question for the Supreme Court to determine is whether or not there is any material evidence to support the trial court's finding of fact, in that the extent of disability of Workmen's Compensation cases is a question of fact and that the finding of fact made by the trial Court are conclusive upon a Court on appeal if supported by any material evidence.

A. C. Lawrence Leather Company vs Loveday, 224 Tenn. 317, 455 S.W.2d 141 (1970)."

Next, the employer:

"Furthermore, it is not the province of the Trial Judge to usurp the power of this Court and decide that his decision

is supported by material evidence and is a correct application of the law in this state, since if such were the case, no one would ever have grounds for appeal."

It was the duty of the trial court, as an arbiter of the facts, to consider all of the evidence touching upon the issues in dispute, carefully weigh that evidence and determine wherein was the preponderance of the evidence. *It was not his duty to determine whether there was any material evidence to support his findings.* The decisions to which he refers and quotes from very clearly point out that where the trial court has made a finding based upon the preponderance of the evidence, that this Court will not disturb that finding on appeal, if there is any material evidence to support the findings. We are of the opinion that the trial court was in error of the application of the duties devolving upon him. It appears that he did not weigh the evidence, for the main issue in the lawsuit was whether the employee was permanently or partially disabled. It is undisputed that the employee, up to and at the date of the trial, had been working regularly from September, 1971 to March 24, 1972 at a service station for 48 to 50; sometimes 40 hours, per week, at a salary of $1.70 per hour after his last raise in salary.

T.C.A. § 50–1007(e) provides as follows:

"PERMANENT TOTAL DISABILITY DEFINED. When an injury not otherwise specifically provided for in this chapter as amended, totally incapacitates the employee from working at an occupation which brings him an income, such employee shall be considered 'totally disabled' and for such disability compensation shall be paid as provided in subsection (d) hereof, . . . ."

Work at a service station cannot be classed as menial employment. Thousands of people in this state work at service stations; it is reputable employment, it is respectable employment and it is trustworthy employment, and is a substantial part of the labor market. In a well-reasoned opinion in the case of Skipper v. Great Central Insurance Company, et al., Tenn., 474 S. W.2d 420 (1971), Chief Justice Dyer points out that employment in the open labor market was contemplated by the Legislature in the enactment of T.C.A. § 50–1007(e). In the instant case, while the employee will not be able to return to employment requiring the heavy lifting required of him at the time of his injury, he has found regular employment in another field, which brings him an income. His income is $15.00 per week less than the $100.00 per week he earned at his previous employment, but it is substantial. An employee who is capable of following another line of employment is not entitled to recover total permanent disability benefits. Walker v. Blue Ridge Glass Corporation, 165 Tenn. 287, 54 S.W.2d 722 (1932).

In the instant case the disability of the employee cannot be determined by the 30% medical disability testified to by the doctors for, as pointed out in Skipper v. Great Central Insurance Company et al., supra, medical disability and industrial disability are not one and the same thing. It appears that the employee has not had any medical treatment since June of 1971, up to the date of the trial in March, 1972.

In the instant case it is uncontradicted that the employee returned to gainful employment in September, 1971, after the doctors had fixed his maximum state of recovery as of June 25, 1971. His employment has been regular and his income substantial; and, as we have said above, he was so employed at the date of trial.

The evidence on the facts mentioned immediately above is uncontradicted and we hold, as a matter of law, that the employee is not totally and permanently disabled within the meaning of T.C.A. § 50–1007(e).

The judgment of the trial court is reversed and the cause remanded to the trial court, with instruction to determine the permanent partial disability of the em-

ployee. The costs will be assessed against the employee.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.