Ralph PROST, Plaintiff-Appellee,

v.

CITY OF CLARKSVILLE, Tennessee,
POLICE DEPARTMENT,
Defendant-Appellant.

Supreme Court of Tennessee,
at Nashville.

April 8, 1985.

Mark A. Rassas, Clarksville, for plaintiff-appellee.

Dan L. Nolan, Clarksville, for defendant-appellant.

## OPINION

DROWOTA, Justice.

In this worker's compensation action the Plaintiff alleges that he suffered an accidental injury that resulted in permanent total disability. The trial court found that the accident did arise out of and within the scope of employment and that the employee was permanently and totally disabled as a result. On appeal the Defendant concedes that the accident was compensable but maintains that there is no material evidence to support the award of permanent total disability.

Plaintiff is a 54 year-old man who has been employed as a law enforcement officer in Montgomery County since 1975. Prior to that he served over 23 years in the military, doing military police work. His military experience included working extensively with K–9 dogs. From the date of his retirement from the military in 1974, Plaintiff worked as a criminal investigator and with the K–9 unit for Montgomery County. He subsequently became employed with the City of Clarksville Police Department, Defendant herein, and he organized the K–9 unit utilized by that department.

While investigating a robbery with one of the K–9 dogs on March 2, 1982, Plaintiff allegedly fell into a ditch and injured his back. He experienced some pain but did not seek immediate medical attention because he didn't think the injury was serious. He eventually sought treatment when he continued to experience pain. In July of 1982, Plaintiff went to Memorial Hospital in Clarksville where he was placed under the care of Dr. Porter, an orthopedic surgeon. Dr. Porter performed surgery on the Plaintiff, whose condition was described as a herniated disc with compression of the nerve root. Dr. Porter estimated Plaintiff's disability to be fifteen (15) percent to the body as a whole. Plaintiff was re-

leased by Dr. Porter to return to work in September of 1982. Plaintiff fell again in October of 1982 in a non-work related activity. He did not return to work until January, 1983, when Dr. Porter released him to go back to full duties *except* dog handling. Mr. Prost did in fact return to dog handling against his doctor's orders until July of 1983, when he was relieved as a dog handler by the department. From that time until January of 1984, Mr. Prost has been working at a desk job in the police department. In January of 1984, he was placed on full time duty as a patrolman. He took the physical training test for the City of Clarksville Police Department and his performance was sufficient to allow him to remain on the police force, although it would not have been sufficient had he not already been a member of the department. In other words, had Mr. Prost been a new applicant, he would not have been hired because of his performance in the physical activities. Plaintiff's supervisor testified that Plaintiff cannot lift anything heavy and that he occasionally walks with a limp.

Both of the physicians who testified at trial stated that they estimated Plaintiff's disability to be fifteen (15) percent to the body as a whole. Both also acknowledged Plaintiff's physical limitations. Plaintiff's treating physician, Dr. Porter, felt that Plaintiff was 100 percent disabled for the job of canine handling, but he believed that for other jobs in the police department Plaintiff might not have any disability at all. Both doctors acknowledged that Plaintiff should avoid running and heavy lifting but otherwise felt that Plaintiff was physically able to perform most other physical activities.

There is no question that Plaintiff has suffered a compensable injury that resulted in permanent disability. The issue is whether that permanent disability is total as found by the trial judge, or whether the disability is only partial. If there is material evidence to sustain the trial court's finding of permanent total disability, that finding must be affirmed by this Court. T.C.A.

§ 50–6–225(e). *See, e.g., Liberty Mutual Insurance Co. v. Taylor,* 590 S.W.2d 920 (Tenn.1979); *Trane Co. v. Morrison,* 566 S.W.2d 849 (Tenn.1978). But while the Supreme Court is bound by the findings of a trial judge on questions of fact if there is material evidence to support those findings, it is not bound by conclusions drawn by the trial judge from undisputed facts and it may reach a different conclusion from the trial judge on the same findings of fact. *Watson v. United States Fire Insurance co.,* 577 S.W.2d 668 (Tenn.1979); *Gentry v. The Lilly Co.,* 225 Tenn. 708, 476 S.W.2d 252 (1971).

■ Any award of permanent total disability must be in compliance with the statutory definition of total disability contained in T.C.A. § 50–6–207(4). The statute defines "permanent total disability" as follows:

When an injury not specifically provided for in this chapter as amended, *totally incapacitates the employee from working at an occupation which brings him an income,* such employee shall be considered "totally disabled," and for such disability compensation shall be paid as provided in subdivision (4)(A). . . .

T.C.A. § 50–6–207(4)(B) (emphasis added). Therefore, the pertinent question in the case at bar is whether Plaintiff's injury "totally incapacitates the employee from working at an occupation which brings him an income."

■ The medical testimony established that Mr. Prost was unable to perform activities requiring running and heavy lifting, and therefore he was no longer able to continue his job as dog handler. However the statutory definition makes no reference to present occupation only. Instead, the statute speaks of an income-producing occupation. The record establishes that Mr. Prost can do other jobs and has in fact satisfactorily performed duties other than dog handling since his injury. In determining whether an employee is permanently and totally disabled, many factors must be considered. In *Federated Mut. Implement & Hardware Ins. Co. v. Cameron,* 220

Tenn. 636, 422 S.W.2d 427 (1967), this Court emphasized that "the skills, education and training of the employee as well as job opportunities and other factors bearing on employability" should be considered. *See also Hinson v. Wal-Mart Stores, Inc.,* 654 S.W.2d 675, 677 (Tenn.1983). In *Hinson, supra,* relied upon by the trial court, the employee was a sales clerk with no formal education or training and who had no other job experience. Her accident caused her difficulty in sitting and standing and using her hands. *Hinson* is distinguishable from the case at bar. Mr. Prost has shown the ability to do desk jobs and to work as a patrolman as long as running and heavy lifting are not involved. Plaintiff has performed a number of duties since the injury which militate against a finding of permanent total disability. By his own testimony, Plaintiff feels that he is capable of carrying out other duties and of earning an income. In *American Lava Corp. v. Savena,* 493 S.W.2d 77 (Tenn.1973), an employee injured in an industrial accident who was subsequently employed as a service station attendant was held not to be permanently and totally disabled. To reiterate, the Plaintiff in the case at bar is capable of regular and gainful employment. The statute contemplates employment in the open labor market and not a return to the employee's previous position. *See Skipper v. Great Central Insurance Co.,* 474 S.W.2d 420 (Tenn.1971); *see also Wormsley v. Consolidation Coal Co.,* 408 F.2d 85, 87 (6th Cir.1969).

■ Applying the statutory definition of permanent total disability heretofore discussed, we are unable to find support for the trial judge's conclusion that Plaintiff is permanently and totally disabled. We are unable to say that Plaintiff is incapacitated to an extent that he is unable, considering his training and experience, to work "at an occupation which brings him an income." T.C.A. § 50–6–207(4)(B). There is no question that Plaintiff is entitled to benefits for permanent *partial* disability. Since the case was tried principally on the theory of total disability, we are unable to determine

the appropriate amount of benefits. The cause is therefore remanded for a determination of benefits for permanent partial disability. Medical testimony established the medical disability to be fifteen percent to the body as a whole. The trial court, of course, is not bound by that figure, but may consider other non-medical factors, such as skills and training, subsequent employment and job opportunities for the employee in his disabled condition. *See Employers Ins. Co. of Alabama v. Heath*, 536 S.W.2d 341 (Tenn.1976). The standard for compensation is not simply loss of earning capacity, but loss of the use of the body as a whole. *See* T.C.A. § 50–6–207(3)(F). Earning capacity after the injury is a factor to be considered in determining the degree of permanent partial disability, but it is not the only factor to be considered.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion. The costs on appeal are taxed to the Plaintiff. All other costs, including those incurred on remand, shall be taxed as the trial court shall direct.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.