**Karen E. JASKE, Appellant,**

v.

**MURRAY OHIO MANUFACTURING COMPANY, INC., Appellee.**

Supreme Court of Tennessee,
at Nashville.

May 9, 1988.

Lewie R. Polk, III, Gerber, Gerber & Agee, Memphis, for appellant.

Ben Boston, Boston, Bates, Holt & Sands, Lawrenceburg, for appellee.

## OPINION

FONES, Justice.

In this worker's compensation case, the sole issue presented is the extent of the permanent disability incurred by plaintiff as a result of her work-related injury.

Plaintiff, Karen E. Jaske, is a thirty-seven year old woman who has a high school education, but no other vocational skills. She is currently employed as a sales person by an insurance company. From 1978 until 1984 plaintiff was employed as a production worker by defendant, Murray Ohio Manufacturing Company, Inc. In 1983, plaintiff discovered that she had developed bilateral carpal tunnel syndrome as a result of her employment with defendant. Surgery was performed on plaintiff's wrists, and plaintiff returned to work. Additional surgery was necessary in 1985 on plaintiff's right wrist because plaintiff developed recurrent carpal tunnel syndrome. Since this surgery, plaintiff has had difficulty using her hands. Such activities as writing, typing, and driving for an extended period of time cause pain in plaintiff's hands. In addition, the pain in plaintiff's hands makes it difficult for plaintiff to dress herself, fix her own hair, and pick up a skillet.

Two orthopedic surgeons and a vocational expert testified on the issue of plaintiff's disability. Dr. Earl R. Campbell, the surgeon who performed the first operation, noted that plaintiff had no loss of motion of either wrist or of the finger joints. He stated that in his opinion, based upon the AMA Guides to the Evaluation of Permanent Impairment, plaintiff sustained a five

(5) percent permanent partial disability to each hand. Dr. Ray. A. Fambaugh, the orthopedic surgeon who performed the second surgery on plaintiff's right wrist, noted that plaintiff has numbness in her palms that she will experience for the remainder of her lifetime. Dr. Fambaugh then stated that in his opinion, based upon the AMA Guides to the Evaluation of Permanent Impairment, plaintiff sustained a ten percent permanent partial disability to each hand. Finally, Kenneth N. Anchor, a clinical psychologist and vocational expert, testified that, in his opinion, based upon plaintiff's education, age, health, and prior work history, plaintiff sustained an industrial disability of 62% as a result of her injury.

On the basis of this testimony, the chancellor found that plaintiff sustained a 20% permanent partial disability of the two hands, and pursuant to T.C.A. § 50–6–207(3)(A)(ii)(x), the award was 20% of 400 weeks, or 80 weeks.

On appeal plaintiff challenges this finding. Plaintiff argues that the chancellor erred by placing undue significance upon the success of plaintiff's subsequent employment. She notes that the evidence presented at trial shows that plaintiff's employment as an insurance sales person was more lucrative than her employment with defendant. The chancellor noted this fact when he rendered his decision on plaintiff's permanent disability. She concludes that this reliance by the chancellor upon her subsequent employment penalizes her, and is therefore contrary to the principles established by this Court in *Harlan v. McClellan*, 572 S.W.2d 641 (Tenn.1978).

■■■ As this cause of action arose prior to 1 July, 1985, review by this Court of the findings of fact made by the trial judge is limited by the material evidence rule. *Alley v. Consolidation Coal Co.*, 699 S.W.2d 147, 149 (Tenn.1985). The question of the extent of an injured worker's permanent disability is a question of fact. *Roberson v. Loretto Casket Co.*, 722 S.W.2d 380, 384 (Tenn.1986). Therefore, the trial court's determination of the extent of the plaintiff's permanent disability will not be disturbed if supported by material evidence.

■■■ In the determination of the extent of the employee's permanent disability, the trial judge is not bound to accept the expert's opinions. *Prost v. City of Clarksville*, 688 S.W.2d 425, 428 (Tenn.1985); *Trane Co. v. Morrison*, 566 S.W.2d 849, 851 (Tenn.1978). Instead, the trial judge may make an independent determination of the extent of the employee's disability. In this determination, the trial judge may properly consider several non-medical factors. *Ware v. United States Steel Corp.*, 541 S.W.2d 107, 110–111 (Tenn. 1976).

> [T]he fact of employment after an injury, the earning power of the injured workman, and his earnings are to be taken into consideration along with all other factors involved, to include whether the employee, in light of his education, his physical and mental abilities, or the lack thereof, is employable in the open market.

*Id.* While the fact that the employee's earning capacity has not decreased is not of controlling significance, it is one factor the trial court is entitled to consider. *Id.* at 110. In light of the foregoing, the chancellor's consideration of the plaintiff's subsequent employment was proper. *See Roberson v. Loretto Casket Co.*, 722 S.W.2d at 384; *Prost v. City of Clarksville*, 688 S.W. 2d at 428; *Trane Co. v. Morrison*, 566 S.W.2d at 851.

Plaintiff's reliance upon *Harlan v. McClellan*, 572 S.W.2d 641 (Tenn.1978) is misplaced. In *Harlan*, the employer contended that the employee was not entitled to an award for any permanent partial disability because of the employee's subsequent employment. This Court concluded that the employee's subsequent employment did not preclude a finding of permanent partial disability. *Id.* at 644. In *Harlan*, the extent of the employee's permanent disability was not at issue, and the *Harlan* opinion did not mention the prior decision in *Ware v. United States Steel Corp.*, for that reason. Clearly, *Harlan* did not overrule *Ware*.

On the basis of the foregoing, we cannot conclude that the chancellor's finding on

the extent of plaintiff's disability was not supported by material evidence.

The judgment of the trial court is affirmed. Defendant's motion for damages for frivolous appeal is denied. Costs are taxed to plaintiff.

HARBISON, C.J., and COOPER, DROWOTA and O'BRIEN, JJ., concur.