**Melissa Craddock MILES, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

Supreme Court of Tennessee, Middle Section, at Nashville.

Sept. 4, 1990.

William L. Underhill, Madison, for appellant.

Jerry R. Humphreys, Nashville, for appellee.

OPINION

COOPER, Justice.

In this worker's compensation case, the sole issue presented is the extent of permanent disability incurred by plaintiff as the result of her work related injury.

Plaintiff, Melissa Craddock Miles, is a twenty-four year old woman who has a high school education, but no other true vocational skills. She began working for Almet Lawnlite in December, 1984 on a production line, and worked as a punch press operator and in the fabrication department. This work is classed as semiskilled at best. Her previous work experience was in a fast food restaurant and custodial work in an office building. In

1988, plaintiff discovered that she had developed bilateral carpal tunnel syndrome as the result of her employment with Almet Lawnlite. Surgery was performed on plaintiff's right wrist in December, 1988, and on her left wrist in February, 1989. Her recovery was uneventful, and she returned to work in March, 1989. Plaintiff had difficulty in performing tasks required of a production line worker, and was moved from job-to-job until one was found that she could do with a minimum of discomfort and a minimum of swelling of the arms and hands.

Two orthopedic surgeons and two vocational rehabilitation experts testified on the issue of plaintiff's work-related disability. Dr. Larry Laughlin, who performed the surgery, testified that appellant has a two percent anatomical disability to each upper extremity. At the time he last saw plaintiff, Dr. Laughlin observed no swelling in either arm, nor did he detect any nerve involvement. He was of the opinion that repetitive movement of the wrists and hands would cause some inflammation of the lining of the tendons, which could cause plaintiff some discomfort.

Dr. John McInnis, who examined plaintiff at the request of her attorney, concluded that appellant had a five percent anatomical disability to each upper extremity, and that the condition was permanent. According to Dr. McInnis, plaintiff should "avoid activities which require continual gripping with her hands and also activities which require repeated flexing and extending of the fingers and wrists of the hands."

Plaintiff was evaluated by a Vocational Rehabilitation Specialist, Pam Hattaway, who concluded that plaintiff has a vocational impairment of fifty-five to sixty percent as the consequence of her work-related injuries. Plaintiff also was evaluated at the Ability Assessment Center of Vanderbilt University Medical School by David Guy, its director. Mr. Guy opined that plaintiff has a vocational disability of ten percent. The credentials of both vocational rehabilitation specialists are outstanding, both have been recognized by various governmental agencies as experts in their field, and both have had hands-on experience in rehabilitation and placement of disabled workers in the work force. Ms. Hattaway appears to have had more experience in placement of workers. Mr. Guy, on the other hand, administered more extensive and varied tests than those administered by Ms. Hattaway. One set of tests administered by Mr. Guy, the MESA tests, "were developed to be able to generalize to the requirements of particular jobs," and requires the person tested to use her strength and mobility. These indicated that plaintiff has the strength and dexterity to perform many of the jobs in manufacturing.

On the basis of this testimony, the trial judge found that plaintiff has a twenty-eight percent permanent partial disability to each upper extremity, and pursuant to T.C.A. § 50–6–207(3)(A)(ii)(w), the award was twenty-eight percent of four hundred weeks, or one hundred-twelve weeks. These benefits were ordered to be paid in a single payment. On appeal plaintiff insists that the percentage of disability found by the trial judge is inadequate. Defendant makes no issue of the lump sum payment.

■ The extent of an injured worker's permanent disability is an issue of fact. *Jaske v. Murray Ohio Manufacturing Company, Inc.*, 750 S.W.2d 150 (Tenn. 1988). In determining the extent of the worker's disability, the trial judge is not required to accept without reservation an expert's opinion, but is charged with making an independent determination on consideration of such factors as age, education, training, job skills, work experience, and job opportunities available to a worker with the anatomical disability of plaintiff. *See Bradford v. Travelers Indemnity Company*, 762 S.W.2d 572 (Tenn.1988); *Roberson v. Loretto Casket Co.*, 722 S.W.2d 380 (Tenn.1986); *Prost v. City of Clarksville*, 688 S.W.2d 425 (Tenn.1985). These factors evidently were among those considered by the trial judge in making his findings of fact and in ruling on plaintiff's motions to alter or amend the judgment entered in this case.

The work-related injuries that are the bases of the award of benefits to plaintiff occurred in 1988. The standard of review by this Court of the findings of the trial judge, then, is de novo with a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. T.C.A. § 50–6–225(e). On considering the evidence under this standard of review, we cannot say that the evidence preponderates against the trial judge's finding that plaintiff has a permanent partial disability of twenty-eight percent to the body as a whole.

Accordingly, the judgment of the trial court is affirmed. The cause is remanded for enforcement of the judgment. Costs of the appeal will be paid by plaintiff and her surety.

DROWOTA, C.J., and FONES, O'BRIEN and DAUGHTREY, JJ.