Angela K. HILL, Plaintiff/Appellee,

v.

**ROYAL INSURANCE COMPANY and CKR Industries, Inc., Defendants/Appellants.**

Supreme Court of Tennessee,
Special Worker's Compensation Appeals Panel, at Nashville.

Oct. 17, 1996.

Randolph A. Veazey, Connie Jones, Glasgow & Veazey, Nashville, for Defendants/Appellants.

Clinton H. Swafford, Swafford, Peters & Priest, Winchester, for Plaintiff/Appellee.

## JUDGMENT ORDER

PER CURIAM.

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference.

Whereupon, it appears to the Court that the Memorandum Opinion of the Panel should be accepted and approved; and the Court hereby recommends that the opinion of the Workers' Compensation Appeals Panel be published; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

Costs will be paid by appellants and their surety for which execution may issue if necessary.

IN THE SUPREME COURT
OF TENNESSEE
SPECIAL WORKERS' COMPENSATION
PANEL AT NASHVILLE

Mailed September 13, 1996.

Members of the Panel: Justice FRANK DROWOTA, III, Senior Judge JOHN K. BYERS, and Special Judge ROBERT L. CHILDERS.

### *MEMORANDUM OPINION*

ROBERT L. CHILDERS, Special Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme

Court in accordance with TENN.CODE ANN. § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. Our review is *de novo* on the record accompanied by a presumption that the findings of fact of the trial court are correct unless the evidence preponderates otherwise. TENN.CODE ANN. § 50–6–225(e)(2).

The trial court awarded Plaintiff Hill $16,-212.00 permanent partial disability benefits, representing eighty (80) weeks at the benefit rate of $202.65 per week, or twenty percent (20%) permanent partial disability to the body as a whole; and future medical expenses pursuant to the Tennessee Workers' Compensation Act. The trial court also allowed an attorneys fee of twenty percent (20%) of the award, in the amount $3,242.40, to be paid in lump sum.

The appellant contends that the trial court erred in:

1.  Finding that a vocational disability based upon a permanent medical restriction, with medical testimony of no medical impairment rating in accordance with A.M.A. Guidelines for Evaluation of Permanent Impairment, constitutes a compensable permanent partial disability under the Workers' Compensation Act.
2.  Awarding permanent partial disability benefits to the Plaintiff that were excessive and against the weight of the evidence.

We affirm the judgment of the trial court.

Ms. Hill filed the complaint in the Chancery Court for Franklin County, Tennessee, against her employer, Defendant CKR Industries, seeking to recover unpaid benefits under the Tennessee Workers' Compensation Act for work-related injuries. Ms. Hill alleged that she suffered injuries as a result of exposure to chemicals in use at the CKR Plant. This case was consolidated with three (3) additional cases for trial due to significant similarities in the cases.

At CKR, Ms. Hill worked as a Mucote sprayer. Mucote is a sealant, used to prevent rubber weather stripping from drying out, and contains two solvents, toluene and methyl ethyl ketone. Ms. Hill began suffering from nose bleeds, difficulty in breathing, upset stomachs, and dizzy spells while at work. She complained to the human resources supervisor and safety and environmental coordinator about her symptoms and was moved to another position. When she was later returned to the spraying job, she was offered a larger mask and a respirator. Ms. Hill testified that she was told that she would get used to the chemicals, but she did not.

Ms. Hill was treated by Dr. Stensby who concluded that her problems were caused by exposure to Mucote. Dr. Stensby testified that this exposure caused an acute bronchial spasm which in his opinion was not of a permanent nature and would be relieved if she was no longer exposed to Mucote. Dr. Stensby found that Ms. Hill had no physical impairment and therefore gave her no impairment rating pursuant to the A.M.A. Guidelines.

Mr. Edwards, a vocational consultant with over twenty years experience, testified on Ms. Hill's behalf at trial. He testified that the chemicals causing Ms. Hill's problems, or chemicals similar to those, are found in twenty-five percent (25%) of the work places. He opined that in his experience an individual with a respiratory insult should not work in an industrial environment that has respiratory irritants.

The trial court held that although no medical impairment rating was given pursuant to the A.M.A. Guidelines, because the doctor's findings indicated that Ms. Hill has a residual impairment resulting from her injuries that is permanent in nature, she carried her burden of proof establishing both medical causation and a permanent impairment. The permanent impairment being the restriction that Ms. Hill should no longer be exposed to Mucote or its components.

The provisions of TENN.CODE ANN. § 50–6–241 do not apply in this case because the Plaintiff's injuries occurred in May of 1992. TENN.CODE ANN. § 50–6–241 expressly states that it applies only to those injuries occurring after August 1, 1992.

## PERMANENCY

■ The Appellant contends that because the medical expert testimony presented at trial showed that Ms. Hill did not sustain any permanent physical or medical impairment under the A.M.A. Guidelines or otherwise, she was not entitled to recover permanent partial disability benefits. However, it is undisputed that Ms. Hill was instructed by her physician not to return to work at CKR because of the potential for exposure to certain chemicals which caused her illness. It is further undisputed that CKR terminated the employment of Ms. Hill based on the medical advice that she not return to work in the work environment at CKR.

■ Permanency must be established in worker's compensation cases. *Johnson v. Midwesco, Inc.*, 801 S.W.2d 804, 806 (Tenn. 1990) (citing *Blalock v. Williams*, 483 S.W.2d 578 (Tenn.1972); *Floyd v. Tennessee Dickel Distilling Co.*, 225 Tenn. 65, 463 S.W.2d 684 (Tenn.1971). Appellant argues that Ms. Hill failed to establish the permanency of her condition through the medical proof regarding the restriction on her work environment. We disagree.

Appellee argues that the facts of this case are analogous to those in *Corcoran v. Foster Auto GMC, Inc.*, 746 S.W.2d 452 (Tenn. 1988), and should be construed in the same manner. In *Corcoran*, the plaintiff was working as an automobile mechanic when in the course of his employment he suffered a hernia. *Id. at* 454. The plaintiff underwent surgery to repair the hernia and returned to work a couple of weeks later with permanent restrictions on lifting and straining. *Id.* A vocational expert testified on behalf of the plaintiff as to the decreased chance for the plaintiff to compete for many jobs. *Id. at* 455. The doctor who testified on behalf of the plaintiff agreed that the chance of reoccurrence was significant enough that plaintiff should not do any lifting or straining, but declined or was unable to attribute a disability impairment rating to the plaintiff. The trial court granted the defendants' motion to dismiss, due to the doctor's failure to attribute an anatomical disability rating to the plaintiff. On appeal, this Court refused to permit denial of compensation because a doc-

tor to whom the plaintiff was taken by the defendants declined or refused to attribute an anatomical disability rating to the plaintiff. This Court, while recognizing that "an anatomical disability rating based on one of the two statutory references is preferable and ordinarily, if not uniformly, part of the proof offered by either or both parties," held that "the ultimate issue is not the extent of anatomical disability but that of vocational disability, the percentage of which does not definitely depend on the medical proof regarding a percentage of anatomical disability." *Corcoran*, 746 S.W.2d at 457. "We do not think that, when medical evidence established permanency, the failure of a medical expert to attribute a percentage of anatomical disability can justify a denial of compensation if other evidence demonstrates that an award of benefits is appropriate." *Id.*

In this case, the weight of the evidence demonstrated that Ms. Hill was in fact entitled to an award of benefits. She was exposed to chemicals during her employment at CKR, suffered physical reactions due to that exposure, and was terminated due to her inability to tolerate the work environment at CKR.

Taken as a whole, the medical proof shows that the residual impairment from Ms. Hill's injury is permanent. Therefore we find that the trial court did not err in finding that a vocational disability existed based upon the testimony of the medical experts that a permanent medical restriction existed, even though no medical impairment rating was given by any of the medical experts. We find that this constitutes a permanent partial disability under the Workers' Compensation Act.

## DISABILITY AWARD

■ The Appellants argue that the amount of permanent partial disability awarded to Ms. Hill was excessive and against the weight of the evidence. Ms. Hill is thirty-four (34) years old and has a tenth grade education. Her work experience included cleaning motel rooms and offices, inspecting clothing, and planting and potting trees at a commercial nursery. She testified during the trial that she was going to have to

give up her job as a cafeteria worker she obtained subsequent to her termination at CKR because of her adverse reaction to bleach used in the cafeteria. The vocational expert testified that he evaluated Ms. Hill to assess her industrial disability. He opined that she should not be exposed to any industrial environment where additional respiratory insult could occur, and that she is restricted to a "clean office environment" for the rest of her working life. He further opined that Ms. Hill's industrial wage earning loss ranges from forty percent (40%) to seventy-five percent (75%).

Once causation and permanency have been established by expert medical testimony, the trial judge may consider many pertinent factors, including age, job skills, education, training, duration of disability, anatomical disabilities established by medical experts, and job opportunities available to a worker with those anatomical disabilities, to determine the extent of the worker's industrial disability. *Worthington v. Modine Manufacturing Co.*, 798 S.W.2d 232, 234 (Tenn.1990). Even where an expert testifies as to vocational disability, the trial judge is not required to accept without reservation the expert's opinion, but is charged with making an independent evaluation based on the factors above. *Miles v. Liberty Mutual Insurance Co.*, 795 S.W.2d 665, 666 (Tenn.1990). The trial court considered the Plaintiff's age, her education, her work history and testimony concerning her ability to work, and how her skills and limitations would affect her reemployment in the local job market.

We also find that the weight of the evidence supports the amount of the permanent partial disability awarded to Ms. Hill. The judgment of the trial court is affirmed. Costs are assessed to the Appellants. We remand the case to the trial court for the entry of any order necessary to carry out this judgment.

DROWOTA, Justice, and BYERS, Senior Judge, concur.