IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT KNOXVILLE
September 26, 2001 Session

**JOHNNY JENKINS v. KEMPER INSURANCE CO.**

**Direct Appeal from the Circuit Court for Anderson County
No. 99LA0396     James B. Scott, Jr., Judge**

---

**No. E2001-00154-WC-R3-CV - Mailed - October 31, 2001
FILED: DECEMBER 7, 2001**

---

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tennessee Code Annotated § 50-6-225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. The trial court found the plaintiff sustained an 80 percent permanent partial disability to his right leg as a result of his knee injury. We affirm the judgment of the trial court.

**Tenn. Code Ann. § 50-6-225(e) (1999) Appeal as of Right; Judgment of the Circuit Court is Affirmed**

JOHN K. BYERS, SR. J., delivered the opinion of the court, in which E. RILEY ANDERSON, J. and ROGER E. THAYER, SP. J., joined.

Clint Woodfin, Knoxville, Tennessee, for the appellant, Kemper Insurance Company.

Bruce D. Fox, Clinton, Tennessee, for the appellee, Johnny Jenkins.

**MEMORANDUM OPINION**

The plaintiff, age 39 at the time of trial, has a high school diploma and a work history as a skilled construction laborer. He has done electrical work, but has no formal training or certification as an electrician. The plaintiff was injured on October 24, 1998, while working for Solutions to Environmental Problems, the defendant's insured. The plaintiff was sealing drain lines with concrete at Center Hill dam when he an another worker attempted to move a large rock. While moving the rock the plaintiff felt a pop in his right knee followed by a "warm" sensation. By the next day, the plaintiff could not walk and sought medical treatment. Eventually he required several reconstructive knee surgeries and physical therapy; he has not been able to return to work since the injury.

**Medical Evidence**

Dr. Clifford Posman, an orthopedic surgeon initially treated the plaintiff. Physical therapy and other conservative treatment failed to improve the plaintiff's condition, so on April 6, 1999, Dr. Posman performed surgery on the plaintiff's right knee. When the plaintiff continued to experience pain, Dr. Posman referred him to Dr. Michael MacKay, another orthopedic surgeon in the same practice group.

Dr. MacKay ordered a follow-up MRI, which revealed a torn meniscus in the plaintiff's right knee. On September 8, 1999, Dr. MacKay performed surgery to repair the tear. The plaintiff later underwent a third surgery as well as a second round of physical therapy before being placed at maximum medical improvement on March 28, 2000. Dr. MacKay recommended a cane as needed and gave the plaintiff a knee brace, which the plaintiff testified he uses daily. Dr. MacKay testified the plaintiff could not return to his previous employment in part because he could not climb ladders. Before his deposition, Dr. MacKay assessed a 17 percent impairment based on the plaintiff's knee injury. However, during cross-examination while responding to questions from the defendant's counsel, Dr. MacKay testified 10 percent might be more appropriate.

The trial court found the plaintiff had sustained 80 percent disability to his right leg as a result of the knee injury. We affirm the judgment of the trial court.

**Discussion**

Review of the findings of fact made by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. TENN. CODE ANN. § 50-6-225(e)(2); *Stone v. City of McMinnville,* 896 S.W.2d 548, 550 (Tenn. 1995). The application of this standard requires this Court to weigh in more depth the factual findings and conclusions of the trial court in workers' compensation cases. *See Corcoran v. Foster Auto GMC, Inc.,* 746 S.W.2d 452, 456 (Tenn. 1988).

The defendant presents two issues in this appeal. First, the defendant argues the trial court erred in failing to consider the 10 percent impairment rating discussed during Dr. MacKay's deposition. We find no error with respect to this issue and resolve the question in favor of the plaintiff.

Dr. MacKay assessed the plaintiff's 17 percent impairment rating using Table 36 of the fourth edition of the AMA Guidelines. While cross-examining Dr. MacKay, the defendant's counsel quoted from the text preceding Table 36 and questioned Dr. MacKay about the table vis-à-vis the 17 percent impairment rating. Dr. MacKay agreed that 10 percent might be more appropriate.

The defendant's second argument is that the trial court erred by failing to fully consider the plaintiff's age, education, work experience, skills and training. The defendant's contention is

somewhat perplexing in view of the fact that the trial court specifically mentioned these factors in its judgment. Furthermore, these factors go to vocational disability. A worker does not have to show vocational disability or loss of earning capacity to be entitled to the benefits for the loss of use of a scheduled member. *Duncan v. Boeing Tenn., Inc.,* 825 S.W.2d 416 (Tenn. 1992). We therefore affirm the judgment of the trial court

The costs of this appeal are taxed to the defendant.

_____
JOHN K. BYERS, SENIOR JUDGE

# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE, TENNESSEE

## JOHNNY JENKINS VS.  KEMPER INSURANCE COMPANY
### Anderson  County Circuit  Court
No.  99LA0396

### No. E2001-00154-WC-R3-CV - Filed: December 7,  2001

### JUDGMENT

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the memorandum Opinion of the Panel should be accepted and approved; and

It is, therefore, ordered that the Panel's findings of facts and conclusions of law are adopted and affirmed and the decision of the Panel is made the Judgment of the Court.

Costs on appeal are taxed to the appellant, Kemper Insurance and Clint Woodfin, surety, for which execution may issue if necessary.

12/07/01