WOOTEN TRANSPORTS, INC., et
al., Appellants,

v.

Sarah Marie HUNTER et al., Appellees.

Supreme Court of Tennessee.

April 5, 1976.

John P. Branham, Howell & Fisher, Nashville, for appellants.

Michael R. Jones, Sprouse, Long & Walton, J. Travis Price, Springfield, for appellees.

## OPINION

HENRY, Justice.

This is a suit for death benefits under the Tennessee Workmen's Compensation Law. The employer defended upon the grounds (1) that the deceased workman was an independent contractor and (2) that his death was brought about by his own voluntary intoxication. The trial judge found the issues in favor of the employee and awarded the statutory benefits. The employer has perfected its appeal.

## I.

The employer, Wooten Transports, Inc. is based in Nashville and is engaged in the delivery of gasoline and petroleum products in Tennessee and Kentucky. On 13 August 1973, the deceased, Jimmy W. Hunter, entered into a written agreement with Wooten for the lease of a tractor for use in pulling a tanker trailer owned by Wooten and used in connection with its deliveries. On 23 October 1973, he was fatally injured under circumstances more fully discussed hereinafter. Under the terms of the written agreement it was Hunter's responsibility to equip and maintain the tractor and pay all expenses in connection therewith to include operating expenses, taxes and fees. As compensation he received a stated percentage of the gross revenue earned by the use of the tractor. He had the option of driving the leased equipment himself or of employing a driver with appropriate adjustments in payments.

Paragraph 4a provides in part as follows:

Notwithstanding any other provision contained herein, it is agreed that the leased equipment shall at all times during the term of this lease be operated by Lessee's exclusive direction and control . . . . .

Paragraph 4g provides as follows:

The Lessee shall at all times have the sole right to select the driver who is to operate the leased equipment described herein, including the right to discharge said driver when and if such action is believed to be advisable, in the discretion of the Lessee. The driver of the leased equipment shall be the *employee* of Lessee, and subject to its *exclusive direction and control* at all times during the term of this lease. In the event the Lessee determines that a driver is unsatisfactory for any reason, it shall have the right immediately to terminate the services of such *employee, whether he be the owner of the leased equipment, or not.* (Emphasis supplied).

Thus it will be seen that the parties contracted that the leased equipment would be operated under Wooten's exclusive direction and control; that Wooten had the sole right to select the driver; that Wooten had the right to discharge the driver and that the driver would be Wooten's employee. This alone tends to establish a master-servant relationship; however, there are other circumstances which further support the trial judge in determining that Hunter was an employee as opposed to an independent contractor. Among these is the fact that a decal was placed on the tractor reading "Wooten Transports, Inc." along with the appropriate ICC numbers. Similar identification appeared upon the tanker trailer. The proof fairly shows that Hunter was employed on a full-time basis. Prior to his employment he was required to undergo a training period and to take a physical examination. Wooten had other employees who did not own their equipment but it is apparent from the record that they had substantially the same working hours, worked under the same conditions and were governed by the same policies.

It is true that there was no deduction from Hunter's wages for Social Security, income taxes, and that Workmen's Compensation was not paid upon him, and that he did not appear as an employee upon their payroll; however, we do not consider these matters to be of controlling significance.

Our review of the record leads us to the conclusion that there is ample material evidence to support the trial judge's conclusion that there was an employer-employee status. Moreover, in making this determination, it is our duty to give the act a liberal construction in favor of the fact that one is an employee rather than a strict construction holding him to be an independent contractor. *Barker v. Curtis*, 199 Tenn. 413, 287 S.W.2d 43 (1956).

We recognize, of course, that there is no fixed and rigid formula by which these matters are to be determined and that each case must be decided on the basis of its own peculiar facts and circumstances; however, running through all of the cases is the notion that the right of control is the vital test, the controlling consideration or the decisive fact, and the question is not whether the right was exercised but whether it existed. *Brademeyer v. Chickasaw Bldg. Co.*, 190 Tenn. 239, 229 S.W.2d 323 (1950).

After reciting this general proposition the Court in *Seals v. Zollo*, 205 Tenn. 463, 327 S.W.2d 41 (1959), points out that "[t]he fact that neither social security tax nor withholding tax was deducted is not a controlling factor." 205 Tenn. at 471, 327 S.W.2d at 44.

Additionally, the clear rule has evolved that one of the controlling considerations is the right of termination. This rule of law is recognized in *Curtis v. Hamilton Block Co.*, 225 Tenn. 275, 466 S.W.2d 220 (1971), a case where the factual situation is somewhat analogous to the case under consideration.

Based on the record before us and these controlling principles of law, we hold that the deceased workman was an employee of Wooten Transports, Inc.

## II.

The second insistence of the appellee is that Hunter's death occurred as a result of his intoxication at the time of his fatal accident.

On 23 October 1973, Hunter was dispatched to deliver a load of gasoline to a filling station in Auburn, Kentucky. Upon the completion of his delivery and at about 6:00 p. m., he left Auburn enroute to his home in Springfield, Tennessee where he lived, and, with the knowledge and acquiescence of Wooten, kept his rig. The fatal accident occurred on U.S. Highway 41 inside the city limits of Springfield. It is not necessary that we detail all of the facts. Suffice it to say that as he was proceeding southwardly, an automobile pulled out into his pathway and either because of his speed, or his inattention, or his intoxication, or some other act of negligence, or because of the sudden emergency precipitated by the driver of another automobile pulling onto the highway in front of him, he crossed the highway and struck another tractor-trailer rig, after having skidded some 266 feet. The record shows that there was no traffic proceeding in either direction which would have kept him from pulling around the vehicle in his pathway. This vehicle remained in the extreme right southbound lane of a five-lane highway and unquestionably, he could have pulled around. Why he did not do so is not shown in the record. We may not speculate or conjecture as to the cause of the accident.

It will be borne in mind that this is not a conventional tort action or damage suit based upon a collision of vehicles, and the fact that Hunter may have been guilty of negligence does not operate to bar the payment of death benefits under the Workmen's Compensation Law. *Poe v. E.I. DuPont DeNemours & Co.*, 224 Tenn. 683, 462 S.W.2d 480 (1970). The record reflects without contradiction that a pint whiskey bottle with one third to one half missing was found in the cab of his truck after the accident and that a blood test was taken, showing that the blood contained ethyl alco-

hol in the amount of 0.10 per cent, or 100 miligrams per cent. The deposition of Dr. Jerry T. Francisco, Chief Medical Examiner for the State of Tennessee was taken and filed in this cause. Dr. Francisco testified, among other things, that this percentage of alcohol in the bloodstream would operate to affect a person's response in a given situation; that that response would be prolonged and that the ability to judge a given situation and respond to it would be altered and affected and the individual would lose the capacity to make appropriate judgments in any given situation.

We accept this testimony at face value. The difficulty is that there is no direct proof that intoxication was the proximate cause of this accident. There is proof from which it might be inferred, but there is also proof from which it might be inferred that the proximate cause was the entry of the automobile onto the highway in the pathway of Hunter's vehicle. There is material evidence from which the trial judge might have made either finding.

Section 50–910 T.C.A. reads as follows: *Injuries not covered.*—No compensation shall be allowed for an injury or death due to the employee's willful misconduct or intentional self-inflicted injury, or due to intoxication, or willful failure or refusal to use a safety appliance or perform a duty required by law. If the employer defends on the ground that the injury arose in any or all of the above stated ways, *the burden of proof shall be on the employer to establish such defense.* (Emphasis supplied).

Under the facts and circumstances of this case, we cannot hold that the employer has carried its requisite burden of proof.

This Court does not re-weigh the evidence, and if the findings of the trial judge are supported by inferences which may reasonably be drawn from the evidence, this Court will not disturb those findings, although the evidence may be reasonably susceptible of other or different inferences. *Sudduth v. Williams*, 517 S.W.2d 520 (Tenn.1974). This Court has consistently held that it will sustain the trial judge even where the preponderance is against his findings if they are supported by material evidence. *Strader v. United Family Life Ins. Co.*, 218 Tenn. 411, 403 S.W.2d 765 (1966). Additionally, the Workmen's Compensation Act contemplates liberality, not only in the admission of evidence but also in the inferences to be drawn therefrom, and in borderline cases, the Court will endeavor to carry out the benevolent objects of the act and resolve doubt in favor of the claimant. *Imperial Shirt Corp. v. Jenkins*, 217 Tenn. 602, 399 S.W.2d 757 (1966).

The judgment of the trial court is

Affirmed.

FONES, C. J., BROCK and HARBISON, JJ., and LEECH, Special Justice, concur.