Charles S. PRICE, Appellee,

v.

McNABB & WADSWORTH TRUCKING COMPANY, Appellant.

Court of Appeals of Tennessee, Eastern Section.

Nov. 23, 1976.

Certiorari Denied by Supreme Court March 14, 1977.

James E. Brading, Johnson City, for appellant.

Walter O. Waddey, Kingsport, for appellee.

## OPINION

PARROTT, Presiding Judge (E.S.).

This suit seeks pro rata payment of a judgment under the Uniform Contribution Among Tort-Feasors Act, T.C.A. 23–3101, et seq.

In an earlier circuit court action growing out of an automobile accident, judgment in the amount of $26,800.35 was entered against George T. Gilmer and Charlie S. Price. In this action Charlie S. Price avers he has satisfied that judgment and seeks to recover at least one-half of the amount from George T. Gilmer, Johnny Gilmer, and McNabb & Wadsworth Trucking Company, Inc.

The circuit judge below sustained plaintiff's motion for directed verdict against all defendants. The judgment entered provides that plaintiff, Charlie S. Price, have and recover from defendants George T. Gilmer, Johnny Gilmer, and McNabb & Wadsworth Trucking Company the sum of $12,773.17, being one-half of the amount paid by plaintiff to satisfy the earlier judgments plus one-half of the court costs and the costs of this cause. McNabb & Wadsworth Trucking Company was awarded a judgment over of the same amount against Johnny Gilmer and George T. Gilmer.

McNabb & Wadsworth Trucking Company has appealed and assigned as error the circuit judge's failure to sustain its motion for directed verdict.

The proof shows that McNabb & Wadsworth Trucking Company had a contract with Vulcan Materials Company where it was using several of its own trucks to haul gravel from the Vulcan quarry in Old Kingsport to a site on Interstate 81 which was under construction. In addition to its own trucks, McNabb & Wadsworth, by separate written agreement, leased a truck from Johnny Gilmer to help haul the gravel. The Gilmer truck, while being operated by his brother, George T. Gilmer, was involved in an accident which resulted in the above mentioned judgment against plaintiff, Charlie S. Price and defendant, George T. Gilmer.

The contract between Johnny Gilmer and McNabb & Wadsworth provided Johnny Gilmer would receive five cents per ton for all materials hauled. The agreement provides that the truck at all times will be the exclusive property of Gilmer and will be used by McNabb & Wadsworth only for the purpose of fulfilling its contract with Vulcan Materials. The contract further provides: ". . . the operators shall be and remain the employees of the Lessor by whom they are to be paid, and Lessor shall carry workmen's compensation insurance and withhold from their wages for Social Security, etc., as required by law."

The normal routine was that the trucks go to the Vulcan quarry to be loaded and receive instructions as to where the gravel was to be delivered. The McNabb & Wadsworth drivers were instructed to take a particular route but no such instructions were given to the Gilmer truck driver. However, there is no proof that Gilmer's truck used a different route because the route assigned was usually the shortest distance that was permissible under the city and state regulations.

Gilmer was permitted to use the garage facilities of McNabb & Wadsworth to fix flats and to do maintenance and repairs on the truck. However, all of the maintenance and repairs, along with operation expenses such as license, gas and oil as well as the payment of the driver was the sole responsibility of Johnny Gilmer. Johnny Gilmer was required to carry his own workmen's compensation, deduct Social Security and income tax from the driver's pay and carry public liability insurance. McNabb & Wadsworth had no say so over who drove

the Gilmer truck; employment of the driver was solely within the discretion of Johnny Gilmer.

■ From this evidence we think it was undisputed that McNabb & Wadsworth did not have sufficient control of the Gilmer truck so as to make the Gilmer driver a loaned servant. McNabb & Wadsworth's control was limited as to when and where the trucks would load and unload.

We are of the opinion the trial judge erred in finding Gilmer was in fact a "loaned servant" and thus erred in directing a verdict in favor of the plaintiff and against McNabb & Wadsworth.

Tennessee courts have long recognized the doctrine of loaned servant and in practically all of the decisions the courts have relied strongly on the element of control in determining when a servant is loaned. In the early tort case of *Powell v. Virginia Construction Co.*, 88 Tenn. 692, 13 S.W. 691 (1890), the Supreme Court said: "The fact that one is the general servant of one employer will not, as a matter of law, prevent him from becoming the particular servant of another." In the *Powell* case the court applied the test of whose work was being done and who had the right to control.

In later cases, particularly *Sanford v. Keef,* 140 Tenn. 368, 204 S.W. 1154 (1918), and *Chamberlain v. Lee,* 148 Tenn. 637, 257 S.W. 415 (1923), the Court seemed to eliminate the question of whose work was being done and apply only the test of who had the right of control. In the *Chamberlain* case, Chief Justice Green said:

> In order to escape responsibility for the negligence of his servant on the theory that the servant has been loaned, the original master must resign full control of the servant for the time being. It is not sufficient that the servant is partially under control of a third person.

This Court, in *Hot Blast Coal Co. v. Williax,* 10 Tenn.App. 226 (1929), which is very similar to the present case on the facts, affirmed a jury verdict in favor of plaintiff using only the control test. At page 233, it is said:

The controlling facts in these cases, and in all others which support the rule, is that the servant must be in the exclusive control of the one to whom he is loaned, and if so, such servant becomes pro hac vice the servant of him to whom the exclusive control so passes, and not otherwise.

In the still later workmen's compensation case of *Owen v. St. Louis Spring Co.,* 175 Tenn. 543, 136 S.W.2d 498 (1940), the Supreme Court seemed to ignore the right of control and decide the case on the basis of whose work was being done.

In *Gaston v. Sharpe,* 179 Tenn. 609, 168 S.W.2d 784 (1943), a tort case, Chief Justice Green, speaking for the Court, indicated the Court was returning to the test set out in the *Powell* case, i.e., whose work was being done and who had the right of control:

> Neither the test stated in *Chamberlain v. Lee* nor that stated in *Owen v. St. Louis Spring Co.,* has proven entirely adequate. Instead of being tests they are rather to be considered as factors in reaching a conclusion as to where the responsibility lies for the servant's act. This is true because a servant at a particular time may remain under the control of his general employer for some purposes and yet be under the control of a special employer for others. Likewise it sometimes happens that a particular work in which the servant is engaged may be properly considered as the work or business of both the general employer and the special employer.

The question is difficult. It is considered at some length in Restatement of Agency, § 227. We take the following from Restatement as a satisfactory rule: "Since the question of liability is always raised because of some specific act done, the important question is not whether or not he remains the servant of the general employer as to matters generally, but whether or not as to the act in question, he is acting in the business of and under the direction of one or the other. It is not conclusive that in practice he would be likely to obey the directions of the

general employer in case of conflict of orders. The question is as to whether it is understood between him and his employers that he is to remain in the allegiance of the first as to a specific act, or is to be employed in the business of and subject to the direction of the temporary employer as to the details of such act. This is a question of fact in each case."

■ The Court's quote from Sec. 227 of Restatement of Agency indicates that the test or standard to be used in determining when an employee is a loaned servant will be based on who has control and whose work is being done with a greater weight being placed on the element of control.

The most recent case appears to be *Wooten Transports, Inc. v. Hunter*, 535 S.W.2d 858, a workmen's compensation case decided April 6, 1976. In that case the Court said:

> We recognize, of course, that there is no fixed and rigid formula by which these matters are to be determined and that each case must be decided on the basis of its own peculiar facts and circumstances; however, running through all of the cases is the notion that the right of control is the vital test, the controlling consideration or the decisive fact, and the question is not whether the right was exercised but whether it existed. *Brademeyer v. Chickasaw Bldg. Co.*, 190 Tenn. 239, 229 S.W.2d 323 (1950).

In 28 Tenn.L.Rev. 450 is an excellent comment and discussion of many Tennessee cases involving the doctrine of loaned servant. The author notes and discusses that Tennessee courts have applied various tests or standards but says the rule set forth in *Gaston v. Sharpe*, supra, is the realistic one which should be followed.

For statements of the general law on the subject, see 57 C.J.S. Master and Servant § 566; 60A C.J.S. Motor Vehicles § 451; 35 Am.Jur., Master and Servant, Sec. 541; and 17 A.L.R.2d 1388. The A.L.R. annotation and collection of cases deal mainly with leased or rented machines as we have in this case.

Under the above authorities we find the only determination to be made is that Gilmer was not a loaned servant to McNabb & Wadsworth at the time the accident in question occurred, but was an employee of his brother, Johnny Gilmer.

It results appellant's assignment of error is sustained, the judgment of the trial judge in directing a verdict in favor of Charlie S. Price and against McNabb & Wadsworth is reversed, and the motion for directed verdict of McNabb & Wadsworth Trucking Company, Inc. is sustained. All other aspects of the judgment are affirmed.

Let all costs be taxed to the appellee, Charlie S. Price.

SANDERS and GODDARD, JJ., concur.