BANKERS LIFE AND CASUALTY
COMPANY, Petitioner-Defendant,

v.

Elizabeth (Mrs. J. D.) JENKINS,
Respondent-Plaintiff.

Supreme Court of Tennessee.

Feb. 22, 1977.

James E. Brading, Johnson City, for petitioner-defendant; Herndon, Coleman, Brading & McKee, Johnson City, of counsel.

Edwin B. Charles, Paul J. Sherwood, Johnson City, for respondent-plaintiff.

## OPINION

HARBISON, Justice.

In this action the beneficiary of a travel accident insurance policy, Mrs. J. D. Jenkins, seeks to recover for the death of her husband, the named insured. The case was tried without a jury. The trial court gave judgment for the beneficiary, but the Court of Appeals reversed and remanded for a new trial.

Mr. Jenkins, the insured, was killed while operating a pick-up truck furnished to him by his employer, en route to his home on the night of Sunday, September 23, 1973. He had telephoned his wife from his place of employment shortly before the accident, but no witness who testified had seen him for several hours previously.

The insurance policy excluded coverage for "any loss sustained in consequence of the Insured being intoxicated . . . ."

Mr. Jenkins was fatally injured when his truck hit a tree. The accident occurred at about 9:45 p. m. At the point where it occurred, the road was straight, there were no obstacles or road conditions to create problems for a motorist, the weather was

clear, and the pavement was dry. The truck driven by the insured veered off the road to its right, crossed a ditch, hit a culvert, crossed a driveway into a yard and struck a walnut tree, coming to rest some 258 feet from the highway. The vehicle was completely demolished, indicating a very severe impact. The insured received crushing injuries to his chest resulting in immediate death. The investigating highway patrolman was unable to find evidence of any other vehicle having been involved, and there is no testimony in the record suggesting any cause of the accident, other than the ingestion of alcohol by the decedent.

A blood specimen was drawn from the body of the insured within a little over an hour after the accident and was transmitted by the highway patrol to a toxicology laboratory in Kingsport. Blood alcohol tests run at the laboratory revealed an ethyl alcohol content of .26 percent. Both the toxicologist and an independent pathologist testified that a blood alcohol content of this level would produce intoxication in any person, and would impair the ability of any individual safely to operate a motor vehicle. The pathologist testified that a blood sample taken within thirty-six hours after death will reflect accurately the alcoholic content at the time of death. There is no countervailing evidence on this subject.

The trial court excluded all testimony concerning the taking of the blood sample and the results of the test, as well as the opinion of the pathologist, holding such evidence inadmissible under T.C.A. § 59–1045. This section prohibits the use of blood alcohol tests against a motorist from whom a sample is taken while he is unconscious or otherwise in a condition rendering him incapable of refusal. It is part of the Implied Consent Law, T.C.A. §§ 59–1044—1051. These provisions deal primarily with criminal charges and licensing proceedings directly involving an accused from whom the sample is taken. Even in criminal cases, it has been held that the methods prescribed in these statutes for introducing the results of blood tests are not exclusive, but are supplementary to other methods in use. *Bunch v. State,* 499 S.W.2d 1 (Tenn.1973).

The results of blood alcohol tests have regularly been admitted and considered in civil cases. *See Wooten Transports, Inc. v. Hunter,* 535 S.W.2d 858 (Tenn.1976); *Gentry v. Lilly Co.,* 476 S.W.2d 252 (Tenn.1971); *Hobbs v. Provident Life and Accident Insurance Company,* 535 S.W.2d 864 (Tenn. App.1975).

The Court of Appeals held that the trial judge should have admitted the proffered evidence. Since he did not do so, it concluded that the case should be remanded for a new trial.

All of the proffered testimony was filed in the record, however, in deposition form. Its contents were stated to the trial judge in an offer of proof. In his oral opinion rendered at the conclusion of the trial, the Chancellor stated that even if this evidence had been admitted and considered by him, he did not consider it persuasive or sufficient to sustain the burden of proof resting upon the insurance carrier to establish a causal relation between the intoxication of the insured and his subsequent death.

This is a nonjury proceeding. Both sides submitted all of the evidence which they proposed to offer and rested their cases. The record is complete. We, therefore, see no need for a remand. The trial judge has already made it clear that even considering the excluded evidence, he would hold that the insurer has not established its defense.

In our opinion, this conclusion of the Chancellor is contrary to the weight and preponderance of that evidence which was admitted and the evidence which should have been admitted. It is true that under the exclusion involved here, the burden of proof rests upon the insurance carrier to show by a preponderance of the evidence that the death of the insured resulted from intoxication. That is, causal connection must be established between his state of intoxication and the accident in which the fatal injuries were sustained. *See Interstate Life & Accident Insurance Company v. Gammons,* 56 Tenn.App. 441, 408 S.W.2d 397 (1966).

In our opinion, the insurer has carried its burden on this record. No reasonable or probable hypothesis or explanation of the accident has been suggested, other than the high degree of intoxication of the insured and his consequent inability to operate a motor vehicle safely upon the highways.

This is not a workmen's compensation case, in which appellate courts are restricted in their review to the issue of whether there is enough evidence to support the findings of a trial judge, where differing or conflicting inferences could be drawn from proof of intoxication. *See Wooten Transports, Inc. v. Hunter*, 535 S.W.2d 858, 861 (Tenn.1976). Rather, in a nonjury action of this nature, review is de novo, upon the record, accompanied by a presumption of correctness of the findings of the trial judge unless these are contrary to the preponderance of the evidence. T.C.A. § 27–303.

Upon the present record, there is no other explanation of the accident except intoxication. This distinguishes the case from the situation presented in *Interstate Life & Accident Insurance Company v. Gammons, supra*. There a number of witnesses testified as to other factors besides intoxication which could have caused or explained the accident. In the present case it would be completely speculative to assume that the accident was caused by another vehicle, a mechanical failure of the truck, a road defect or anything else than the demonstrated intoxication of the insured.

In addition to the exclusion with reference to intoxication, the insurance carrier also relied upon other policy provisions, limiting coverage to injuries sustained in particular types of motor vehicles. We find it unnecessary to discuss these issues, in view of the disposition which we have made of the case.

The judgment of the trial court is reversed and the suit is dismissed at the cost of respondent.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.

\* *Editor's Note*: The opinion of the Supreme Court of Tennessee, in *State v. Pursley*, published in the advance sheets at this citation (547 S.W.2d 239), was withdrawn from publication by request of the Court.