IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 7, 2017 Session

## JIMMY EARL McCLURE v. CHRISTOPHER SHAWN COLE, ET AL.

Appeal from the Circuit Court for Warren County
No. 15-CV-409     Larry B. Stanley, Jr., Judge

_____

No. M2017-00187-COA-R3-CV

_____

Personal injury action arising out of accident between a pickup truck and a dump truck hauling materials for a company that paved roadways. The pickup truck driver sued the driver of the dump truck and the paving company to recover for injuries he sustained in the accident. The trial court granted the paving company's motion for summary judgment, holding that the driver of the dump truck was an independent contractor and that the paving company was not liable for the dump truck driver's negligence. The injured driver appeals. Upon a thorough review of the record, we affirm the grant of summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

B. Timothy Pirtle, McMinnville, Tennessee, for the appellant, Jimmy Earl McClure.

John Thomas Feeney, Nashville, Tennessee, for the appellee, Highways Inc.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

On October 24, 2014, Jimmy Earl McClure ("Mr. McClure") was driving his pickup truck when it was involved in a collision with a dump truck driven by Christopher Shawn Cole ("Mr. Cole"). The accident occurred in Warren County at the intersection of State Route Highway 287 and U.S. Highway 70S, which was under construction. Mr. McClure was thrown from his vehicle and suffered serious injuries.

On October 20, 2015, Mr. McClure filed suit to recover for his injuries, naming Mr. Cole and Highways, Inc., ("Highways") as defendants. The complaint alleged that Mr. Cole was acting in the course and scope of his employment with Highways at the time of the accident and sought damages based on causes of action for common law negligence, statutory negligence, and *respondeat superior* or agency. Highways answered, denying the allegations of the complaint and pleading the defense of comparative fault.

In due course, Highways moved for summary judgment, relying on nineteen statements of undisputed facts which it contended demonstrated that Mr. Cole was an independent contractor, not its employee, thereby relieving it of any liability to Mr. McClure. Each fact was supported by the affidavit of Mr. Cole. In response, Mr. McClure disputed nine of the statements of fact, relying on the affidavit of Mr. Cole, the deposition testimony of Mr. Cole, and copies of payment records between "Chris Cole Trucking" and Highways, Inc.

Following a hearing, the court granted the motion, holding that "there are no material facts in dispute which would allow the Plaintiff to recover any damages from Highways Inc." By agreement of the parties, the court directed that the order be deemed final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Mr. McClure appeals, stating the issue for our review as follows: "Whether the trial court erred in granting summary judgment dismissing defendant-appellee, HIGHWAYS, INC., f[rom] the lawsuit."

## II. ANALYSIS

Our Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

* * *

2

[I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id*. When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*[*, Ltd. v. Zenith Radio Corp.*], 475 U.S. [574] at 586, 106 S. Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

With respect to the substantive law at issue in this case, Tennessee follows the "near universal rule" that "an employer or general contractor is not ordinarily liable for

the negligence of an independent contractor." *Wilson v. Thompson Const. Co.*, 86 S.W.3d 536, 541 (Tenn. Ct. App. 2001) (citing *Potter v. Tucker,* 688 S.W.2d 833 (Tenn. Ct. App. 1985); *International Harvester Co. v. Sartain,* 222 S.W.2d 854, 865 (Tenn. Ct. App. 1948)). Summary judgment was granted to Highways because the trial court held that Mr. Cole was an independent contractor, and thus Highways could not be vicariously liable for any negligence on his part.

To determine whether Mr. Cole was an independent contractor, as opposed to an employee, the following factors are to be considered: "(1) the right to control the conduct; (2) the right of termination; (3) the method of payment; (4) the freedom to select and hire helpers; (5) the furnishing of tools and equipment; (6) self scheduling of work hours; (7) the freedom to offer services to other entities." *Wilson*, 86 S.W.3d at 541 (citing *Stratton v. United Inter–Mountain Telephone Co.,* 695 S.W.2d 947, 950 (Tenn. 1985)).

This Court has held that determining whether a worker is an employee or an independent contractor is a question of fact, and that "[e]ach case must depend on its own facts and ordinarily no one feature of the relation is determinative, but all must be considered together." *Knight v. Hawkins*, 173 S.W.2d 163, 166 (Tenn. Ct. App. 1941). However, over the years, "the importance of the right to control the conduct of the work has been repeatedly emphasized." *Stratton,* 695 S.W.2d at 950 (citing *Carver v. Sparta Electric System,* 690 S.W.2d 218 (Tenn. 1985)*; Wooten Transports, Inc. v. Hunter,* 535 S.W.2d 858 (Tenn.1976)). "The test is not whether the right to control was exercised but merely whether the right to control existed." *Stratton*, 695 S.W.2d at 950 (citing *Wooten Transports, Inc.,* 535 S.W.2d 858)).

"Where the agent represents the will of the principal as to the result of the work but not as to the means or manner of accomplishing the work, it is an independent contractor." *Sodexho Mgmt., Inc. v. Johnson*, 174 S.W.3d 174, 181 (Tenn. Ct. App. 2004) (citing *Odom v. Sanford & Treadway*, 156 Tenn. 202, 299 S.W. 1045, 1046 (Tenn. 1927)). In *Sodexho*, this Court observed that "[y]ears ago our supreme court concluded that, as a practical matter, every contract for work to be done reserves to the principal or employer a certain degree of control because some degree of control is necessary to assure that the work is performed according to expectations or specifications." 174 S.W.3d at 178 (citing *Odom v. Sanford & Treadway*, 299 S.W. 1045, 1046 (Tenn. 1927)). We continued:

> The employer may exercise a limited control over the work without rendering the employee a mere servant, for the relation of master and servant is not inferable from the reservation of powers which do not deprive the contractor of his right to do the work according to his own initiative so long as he does it in accordance with the contract. The control of the work reserved in the employer which makes the employee a mere servant is a

4

control, not only of the result of the work, but also the means and the manner of the performance thereof; where the employee represents the will of the employer as to the result of the work but not as to the means or manner of accomplishment, he is an independent contractor. Thus a person employed to perform certain work is not necessarily a mere servant because the contract provides that the work shall be subject to the approval or satisfaction of the employer. Such a provision is not an assumption by the employer of the right to control the employee as to the details or methods of doing the work, but is only that the employer may see that the contract is carried out according to the plans.

*Sodexho,* 174 S.W.3d at 178–79 (quoting *Odom,* 299 S.W. at 1046 and citing *Wilson v. Memphis Pub. Co.,* 231 S.W.2d 404 (Tenn. Ct. App. 1950); *Grace v. Louisville & N.R. Co.,* 89 S.W.2d 354 (Tenn. Ct. App. 1935)).

With these standards in mind, we turn to the case at bar. In support of its motion, Highways relied on the affidavit of Mr. Cole in which he asserted that he is "the sole owner and operator of the 2003 Freightliner dump truck"; that "[a]t the time of the accident, [he] was working as an independent contractor for Highways, Inc."; that he is responsible for the maintenance and repairs to his dump truck, that he procures and pays for insurance required for the operation of his dump truck, that he has the "right to hire his own helpers to assist him," and that he has "the right to control the details of his work." In reliance on these statements, Highways filed a statement of nineteen undisputed facts, pursuant to Tennessee Rule of Civil Procedure 56.03. These statements demonstrated that Mr. Cole was an independent contractor and shifted the burden to Mr. McClure to produce evidence to establish a genuine issue of material fact on the issue of whether Mr. Cole was an independent contractor or an employee or agent of Highways.

Of those nineteen statements of fact, Mr. McClure disputed nine; the ten undisputed statements established that Mr. Cole: is the sole owner and operator of the dump truck involved in the accident; has the discretion to accept or not accept specific jobs; is free to accept work from other entities; is responsible for all maintenance and repairs to his dump truck; pays for all expenses incurred while providing services to his customers, including Highways; pays for all fuel used while providing services to his customers; procures and pays for the insurance required for the operation of his dump truck; and has the right to hire helpers to assist him.

Mr. McClure disputed the following statements of fact:

4. At the time of the accident, Cole was working as an independent contractor for Highways, Inc. (hereinafter "Highways"). (Affidavit of Christopher Shawn Cole, paragraph 4). (Parenthetical references to the deposition of Christopher Shawn Cole hereafter, ["Cole, page-line"].)

5

Disputed. This statement constitutes a legal conclusion, as opposed to a statement of fact. No written contract was entered between Cole and Highways [Cole, 26-18]; Cole testified that Highways told him whether to report for work [Cole, 83-10]; when to work with regard to his beginning times [Cole, 32-14]; when to work with regard to his ending times [Cole, 101-2]; where to work in terms of where to pick up a load [Cole, 102-5]; where to deliver a load [58-23]; what to haul on any given load [Cole, 102-5]; and reserved the right to terminate his services at any point in time [Cole, 101-14].

5. Cole was contracted to deliver dump truck loads of material to the Highways construction site. (Affidavit of Christopher Shawn Cole, paragraph 5).

Disputed. Cole testified that no written contract was entered with Highways [Cole, 26-18].

***

7. Cole controls his own work hours. (Affidavit of Christopher Shawn Cole, paragraph 7).

Disputed. Cole testified that Highways instructed him whether to report to work [Cole, 83-10]; what time to report to work [Cole. 32-14] and when to stop work [Cole, 101- 2].

8. Cole does not work solely with Highways, Inc. (Affidavit of Christopher Shawn Cole, paragraph 8).

Disputed. Cole testified that he hauled only for Highways in 2013 [Cole, 101-2]24- 13][1] and 2014 [26-1].

***

10. Cole is compensated for his services based on the job and not by the hour. (Affidavit of Christopher Shawn Cole, paragraph 10).

Disputed. Cole testified that Highways determined whether he was paid by the load or by the hour [Cole, 77-16]. Cole testified that he was unable to

_____

[1] The citation to Mr. Cole's deposition is reproduced verbatim, and from our review of the transcript of the deposition, the reference to "101-2]" appears to be in error.

6

recall how Highways paid him on the day of the accident [Cole, 80-4]. Payment records produced by Highways prove that Cole was paid by the hour for his work on the date of the accident. [Document production by Highways, "Chris Cole Trucking" invoice 365 dated October 31, 2014 & Highway's check number 053303 evidencing payment attached as Exh. A]

11. Cole bears the risk of loss in operating his trucking business. (Affidavit of Christopher Shawn Cole, paragraph 11).

Disputed. This is not a statement of fact, but rather, a legal conclusion to the extent that "risk of loss" is a generic term which implicates several factors, such as liability to third parties for accidents; damages for loss of material by Cole caused by his own negligence; and other contingencies.

12. Highways did not furnish any tools or other items necessary for Cole to complete his deliveries to their construction site. (Affidavit of Christopher Shawn Cole, paragraph 12).

Disputed. Items necessary to deliver loads of material to the job site included personnel who directed the point of delivery [Cole, 58-23] and the directions regarding unloading the material which were provided exclusively by Highways [Cole, 92-22].

***

18. Cole has the right to control the details of his work. (Affidavit of Christopher Shawn Cole, paragraph 19).

Disputed. Cole testified that Highways told him whether to report for work [Cole, 83-10]; when to work with regard to his beginning times [Cole, 32-14]; when to work with regard to his ending times [Cole, 101-2]; where to work in terms of where to pick up a load [Cole, 102-5]; where to deliver a load [58-23]; what to haul on any given load [Cole, 102-5]; and reserved the right to terminate his services at any point in time [Cole, 101-14].

19. Cole's intention was to serve in the role of an independent contractor, and not as an employee of his customers, including Highways. (Affidavit of Christopher Shawn Cole, paragraph 20).

Disputed. This is not a statement of fact, but rather, a legal conclusion. The determination of the relationship between Cole and Highways is not limited to either independent contractor or employer. Other alternatives are master-servant or principal-agent. The facts are disputed with regard to the legal

7

status of the relationship depending on the findings by the trier of fact and application of applicable law. The most important factor is the right to control work which was Highway's exclusive direction and the fact that Highway's retained the right to terminate his engagement at any time per the citations to Cole's sworn testimony in answer to Number 18.

Mr. McClure did not assert any additional statements of fact.

Mr. McClure devotes less than ten sentences in his brief to legal argument; he "contends that the legal relationship between Cole and Highways is a substantially disputed factual issue which precludes summary judgment and should be reversed and resolved by the trier of fact" and that the trial court impermissibly weighed the evidence to conclude that Highways was entitled to summary judgment, "instead of acknowledging disputed material facts and inferences that might be drawn from the facts."

For the following reasons, we respectfully disagree. In Mr. McClure's responses to Statements 4, 7, 12, 18, and 19, he attempted to demonstrate that Highways exhibited control over Mr. Cole's trucking services, rendering him an employee rather than an independent contractor. The fact that Highways personnel told Mr. Cole where to unload the materials and whether the job site would be operational the following day does not render Mr. Cole an employee, as that proof is evidence that Highways exercised "some degree of control" that "that the employer may see that the contract is carried out according to the plans," *Sodexho*, 174 S.W.3d at 178, 179; it does not rise to the level of control necessary to sustain a finding of an employer-employee relationship. Similarly, the testimony which Mr. McClure cites in his response to Statements 4 and 18 to support his position that Highways "reserved the right to terminate Mr. Cole's services at any point in time" is not disputed .[2] The right to terminate the relationship is but one of the factors to be considered in determining whether a party is an independent contractor. *See Wilson*, 86 S.W.3d at 541.[3] We conclude that the denials in Mr. McClure's responses to these Rule 56.03 statements of fact do not create genuine issues of material fact.

---

[2] Mr. McClure cited the trial court and this Court to the first line of the following question from Mr. Cole's deposition testimony; we have reproduced the entire question, along with Mr. Cole's answer:

Q To your knowledge did Highways, Inc., have the right to terminate your service as a hauler at any time it elected?
A Of my acknowledgment?
Q Yes.
A Of my acknowledgment I think they could, yes.

[3] "The power of a party to a work contract to terminate the relationship at will is contrary to the full control of work activities usually enjoyed by an independent contractor." *Masiers v. Arrow Transfer & Storage Co.*, 639 S.W.2d 654, 656 (Tenn. 1982) (citing *Curtis v. Hamilton Block Company,* 466 S.W.2d 220 (Tenn. 1971)).

In response 5, Mr. McClure attempted to show that Mr. Cole was an employee of Highways based on the admitted fact that there was not a written contract between Highways and Mr. Cole; this fact is not material. A written contract is unnecessary to establish either an employee-employer relationship or an employer-independent contractor relationship. *See Knight*, 173 S.W.2d at 165 (no written contract in existence, but the negligent party was determined to be an employee); *Wilson*, 86 S.W.3d at 542-43 (no written contract, but the allegedly negligent party was determined to be an independent contractor); *Masiers v. Arrow Transfer & Storage Co.*, 639 S.W.2d 654, 657 (Tenn. 1982) (holding that the language of the contract in that case supported the determination that the party at issue was an independent contractor; noting that other cases exist where the language of the contract supports a finding of an employer-employee relationship; and cautioning that "the characterization of a worker as an employee or independent contractor depends on an *ad hoc* analysis of the facts.").

In response 8, Mr. McClure also attempted to preclude summary judgment by demonstrating that Mr. Cole only worked for Highways. The proof on which he relies is the testimony of Mr. Cole that he hauled only for Highways during the year of the accident and the preceding year; that fact, however, is not dispositive of the question of whether Mr. Cole was an employee of Highways. The factor to be considered is the alleged employee's "freedom to offer services to other entities," *Wilson*, 86 S.W.3d at 541. The fact that Mr. Cole was free to accept work from other entities was not disputed, and Mr. McClure has failed to demonstrate a genuine issue of fact in this regard.

In response 10, Mr. McClure attempted to establish a genuine issue of fact based on how Mr. Cole was paid. The proof he relied upon, invoices from "Chris Cole Trucking" and a check from Highways in payment, shows that Mr. Cole was sometimes paid by the hour and sometimes by the load; Mr. Cole's deposition testimony, on which Mr. McClure also relied, puts this evidence in perspective. In his deposition, Mr. Cole testified that he was paid by the hour when he was performing "slow work," such as "intersections" and "nitpicky slow stuff"; otherwise he was paid by the ton of material hauled. Moreover, as noted, the payment records establish that the payment was made to "Chris Cole Trucking," not to Chris Cole personally. There is no issue of material fact created.

Mr. McClure also attempted to establish a genuine issue of material fact with respect to Statements 11 (risk of loss) and 19 (control) but did not include citation to proof in the record as required by Rule 56.03 of the Tennessee Rules of Civil Procedure. Accordingly, we deem his responses to be unsupported and will not consider them in our analysis.

For the reasons set forth above, we conclude that Mr. McClure has not established a genuine issue of fact with respect to the right of termination, the method of payment, or whether Highways demonstrated a degree of control sufficient to support a conclusion

9

that Mr. Cole was its employee. The undisputed facts establish that Mr. Cole is the sole owner and operator of the dump truck involved in the accident and is responsible for all maintenance and repairs to his dump truck; that Highways did not furnish any tools or items necessary for him to complete his delivery of paving materials; that he pays for all expenses incurred while providing his hauling services to his customers, including paying for fuel and the insurance required for operation of his dump truck; that he has the discretion to accept or not accept specific jobs and is free to offer his services to and accept work from other entities; and that he has the right to hire helpers to assist him; and that Highways had a right to terminate his services. Considering all of these facts in light of the factors set forth in *Wilson*, 86 S.W.3d at 541, the proof demonstrates that Mr. Cole had the right to control the means and manner of accomplishing the work at hand; had the freedom to select and hire helpers; furnished tools and equipment; and was free to offer services to other entities. Accordingly, Mr. Cole is an independent contractor, and Highways is not liable for any negligence on his part.

Although Mr. McClure argues that there also exists a dispute "as to whether Highways was a principal for which Cole acted as an agent," he did not bear his burden in the trial court of citing to evidence which would support such a conclusion, and on appeal he does not cite to any facts in the record which would establish such a relationship. This argument is without merit.[4]

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.



RICHARD H. DINKINS, JUDGE

---

[4] Our Supreme Court discussed the differences between an independent contractor and an agent and stated:

> Generally the distinction between the relation of principal and agent and employer and independent contractor is based on the extent of the control exercised over the employee in the performance of his work, he being an independent contractor if the will of the employer is represented only by the result, but an agent where the employer's will is represented by the means as well as the result.

*United States v. Boyd,* 363 S.W.2d 193, 197 (Tenn. 1962), *aff'd,* 378 U.S. 39, (1964) (citing *Carbide & Carbon Chemicals Corp. v. Carson,* 239 S.W.2d 27, 31; 2 C.J.S., Agency, § 2, p. 1027)).