IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 11, 2021 Session

## BRAYLON W. ET AL. v. ARMIE WALKER M.D. ET AL.

Appeal from the Circuit Court for Madison County
No. C-15-277     Kyle C. Atkins, Judge

_____

### No. W2020-00692-COA-R3-CV
_____

This appeal stems from a dismissal pursuant to Tennessee's Governmental Tort Liability Act. Suit was filed against Appellant's treating physician, among other defendants, for health care liability involving Appellant's birth. The trial court ultimately granted summary judgment in favor of the physician, finding that, because the physician was an employee of a governmental entity at the time of the incident, Appellant was required by statute to name the physician's employing governmental entity as a party defendant. Because Appellant failed to do so, the lawsuit against the treating physician could not proceed. Appellant now appeals the trial court's grant of summary judgment. Discerning no error, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON, II, J., joined.

Joe Bednarz, Sr., and Joe Bednarz, Jr., Hendersonville, Tennessee, for the appellant, Beverly W.[1]

Marty R. Phillips and Craig P. Sanders, Jackson, Tennessee, for the appellee, Armie W. Walker, M.D.

**OPINION**

_____

[1] Although the claims of Braylon W. (the minor child at issue) were filed by and through his guardian and grandmother, Beverly W., we will refer to Braylon as the Appellant within the body of this Opinion.

## BACKGROUND AND PROCEDURAL HISTORY

At issue in this case are facts concerning a treating physician's employment status at the time of the labor and delivery of Braylon W. at Jackson-Madison County General Hospital. In June 2012, Dr. Armie Walker performed Joshlin W.'s cesarean section, delivering Braylon. According to a Physician Employment Agreement, Dr. Walker practiced medicine as an obstetrician/gynecologist and worked for West Tennessee Medical Group, Inc. ("WTMG") at the time of the events giving rise to this case. WTMG is a "wholly owned subsidiary of Jackson-Madison County General Hospital District" and is also a governmental entity as defined by the Tennessee Governmental Tort Liability Act ("GTLA").

A complaint for health care liability was later filed on behalf of Ms. W. and Braylon against numerous parties, including Dr. Walker. Notably, WTMG was not named as a defendant in this complaint. As the present appeal concerns only Braylon's ("Appellant") claims against Dr. Walker, we restrict our discussion accordingly.

Dr. Walker filed an answer to the complaint, contending, among other things, that she was an employee of WTMG at the time of the alleged medical negligence. Dr. Walker's contention that she was an employee of WTMG is of particular significance to her defense in this case. As she argued in a subsequently-filed motion for summary judgment, because she was an employee of WTMG, the GTLA requires that WTMG also be named a party to the lawsuit. *See* Tenn. Code Ann. § 29-20-310(b) (providing that no claim may be brought against an employee of a governmental entity unless the "governmental entity is also made a party defendant to the action"). In response to Dr. Walker's motion for summary judgment, Appellant argued that Dr. Walker did not meet the statutory definitional requirements of an "employee" because she exercised independent medical judgment and purportedly did not receive the same benefits as other WTMG employees. *See* Tenn. Code Ann. § 29-20-107(a)(3)–(4).

On February 12, 2020, the trial court granted Dr. Walker's motion for summary judgment in part, determining that she became an employee of WTMG on June 4, 2012. As such, the trial court determined that Dr. Walker was immune from any suit regarding purported medical negligence rendered on or after that date given Appellant's failure to name WTMG as a defendant.[2]

Appellant now appeals, arguing that the trial court erred in granting Dr. Walker's motion for summary judgment. Specifically, Appellant contends that the trial court erroneously found Dr. Walker to be a governmental employee such that she may be

---

[2] In a separate order, dated April 9, 2020, the trial court granted Dr. Walker summary judgment as to the remaining claims against her. In so doing, it also ruled that both the April 9th order and the February 12th order were final judgments pursuant to Tennessee Rule of Civil Procedure 54.02.

afforded immunity under the GTLA.

## ISSUE PRESENTED

The primary issue in this appeal is whether the trial court erred in granting summary judgment in favor of Dr. Walker.[3]

## STANDARD OF REVIEW

We review a trial court's grant of summary judgment *de novo*, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)).

## DISCUSSION

Pursuant to the doctrine of sovereign immunity, "the State of Tennessee is immune from lawsuits 'except as it consents to be sued.'" *Smith v. Tenn. Nat'l Guard*, 551 S.W.3d 702, 708 (Tenn. 2018) (quoting *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000)). Passed by our General Assembly in 1973, the GTLA works to retain "the viability of sovereign immunity" but removes the tort liability exemption in limited circumstances for state and local governments. *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 360 (Tenn. 2011) (citing *Kirby v. Macon Cty.*, 892 S.W.2d 403, 406 (Tenn. 1994)). As this limited waiver of immunity provided for in the GTLA is in derogation of the common law, it must be "strictly construed and confined to [its] express terms." *Doyle v. Frost*, 49 S.W.3d 853, 858 (Tenn. 2001) (quoting *Ezell v. Cockrell*, 902 S.W.3d 394, 399 (Tenn.

---

[3] Appellant raises two additional issues: 1) whether the trial court erred in granting a motion to quash notice of a deposition of the defendants involved in this case and 2) whether the trial court erred in granting a motion to dismiss Appellant's claim for pre-majority medical expenses. In an order dated March 22, 2021, this Court dismissed Appellant's issues as they pertained to all other defendants not a party to this appeal, noting that, "[t]o the extent the Appellant attempts to appeal a non-final ruling on any claim against any of the moving [defendants], such claim on appeal is improper." Again, as we noted earlier, this appeal addresses only issues concerning Dr. Walker. Therefore, our review of these two additional issues is limited to the extent that they pertain to Dr. Walker.

In relation to the issue regarding the motion to quash deposition, Appellant argues that additional information is required from Dr. Walker concerning Appellant's injuries and their causation. However, we conclude that the information Appellant seeks through additional discovery has no bearing on Dr. Walker's defense pursuant to section 29-20-310(b) concerning her status as an employee of WTMG. Because we find that Dr. Walker is an employee of WTMG, as we will discuss below, this disposition pretermits the matter of whether Appellant should have been permitted to seek additional discovery regarding Appellant's injuries and their causation. Additionally, given our determination that the action against Dr. Walker cannot proceed because Appellant failed to name WTMG as a party defendant to the action, Appellant's issue concerning the trial court's dismissal of Appellant's claim for pre-majority medical expenses against Dr. Walker is similarly pretermitted.

1995)). The GTLA specifically provides for this, stating that "[w]hen immunity is removed by this chapter any claim for damages must be brought in **strict compliance** with the terms of this chapter." Tenn. Code Ann. § 29-20-201(c) (emphasis added).

One of the enumerated exceptions to the GTLA's immunity includes "[injuries] proximately caused by a negligent act or omission of any employee within the scope of his employment."[4] Tenn. Code Ann. § 29-20-205. A health care liability action against a governmental entity falls within this exception. *Clary v. Miller*, 546 S.W.3d 101, 107 (Tenn. Ct. App. 2017) (citing *Cunningham v. Williamson Cty. Hosp. Dist.*, 405 S.W.3d 41, 42–43 (Tenn. 2013)). Typically, "even where governmental immunity is removed by statute, governmental employees are generally immune from liability." *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000). Although the GTLA eliminates individual liability immunity for governmental employees who are "health care practitioner[s]," there still exists a requirement that a "health care practitioner" cannot be named individually *unless* his or her governmental employer "is also made a party defendant to the action." Tenn. Code Ann. § 29-20-310(b). In its entirety, Tennessee Code Annotated section 29-20-310(b) provides that:

> No claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter unless the claim is one for health care liability brought against a health care practitioner. No claim for health care liability may be brought against a health care practitioner or judgment entered against a health care practitioner for damages for which the governmental entity is liable under this chapter, unless the amount of damages sought or judgment entered exceeds the minimum limits set out in § 29-20-403 or the amount of insurance coverage actually carried by the governmental entity, whichever is greater, and **the governmental entity is also made a party defendant to the action.** As used in this subsection (b), "health care practitioner" means physicians licensed under title 63, chapter 6, and nurses licensed under title 63, chapter 7.

(emphasis added)

Our Supreme Court affirmed this statutory requirement in *Doyle v. Frost*, noting that "[t]he Tennessee Governmental Tort Liability Act provides that in order to maintain a medical malpractice action against a health care practitioner who is employed by a governmental entity, that entity must be named as a defendant." *Doyle*, 49 S.W.3d at 855 n.3 (citing Tenn. Code Ann. § 29-20-310(b) (1999)). Thus, pursuant to the GTLA, in order for a plaintiff to properly sue a "health care practitioner" employed by a governmental

---

[4] There are exceptions to this as well, none of which are relevant to our discussion in this Opinion. *See* Tenn. Code Ann. § 29-20-205(1)–(9).

entity, he or she must also make the governmental entity a party defendant in the complaint. Tenn. Code Ann. § 29-20-310(b).

In the proceedings below, the trial court granted summary judgment to Dr. Walker, finding that she was an "employee" for the purposes of the GTLA. In reviewing whether this determination was proper, we are to be guided by Tennessee Code Annotated section 29-20-107, which defines government employees for tort liability purposes. In pertinent part, we note that section 29-20-107 states:

(a) Any person who is not an elected or appointed official or member of a board, agency or commission shall not be considered an employee of a governmental entity for purposes of this chapter unless the court specifically finds that all of the following elements exist:

. . . .

(3) The person receives the same benefits as all other employees of the governmental entity in question including retirement benefits and the eligibility to participate in insurance programs;
(4) The person acts under the control and direction of the governmental entity not only as to the result to be accomplished but as to the means and details by which the result is accomplished[.]

Tenn. Code Ann. § 29-20-107(a)(3)–(4).

On appeal, Appellant contends that Dr. Walker was not an employee of WTMG under these particular criteria because 1) WTMG did not exert "control and direction" over Dr. Walker as required by the statute; and 2) Dr. Walker does not "receive the same benefits as all other employees."[5] *See id.* We will address each of these arguments separately.

*Whether Dr. Walker Acted Under the "Control and Direction" of WTMG*

First, Appellant contends that Dr. Walker was not an employee of WTMG for the purposes of the GTLA because WTMG did not "exercise complete control over Dr. Walker." In support of this, Appellant relies on both the affidavit of Charleyn Reviere, the Director of Legal Operations for the Jackson-Madison County General Hospital District, and Dr. Walker's employment contract with WTMG. According to Ms. Reviere's affidavit:

---

[5] Although the trial court specifically stated that the "elements set forth in Section 29-20-107(a) are satisfied," Appellant did not raise any arguments pertaining to the other employee requirements under the GTLA in section 29-20-107(a).

[WTMG] delegates the medical management, and administrative services to Dr. Walker that she performs as part of her employment. [WTMG] controls Dr. Walker's schedule under which she sees patients at West Tennessee OB/GYN Clinic. [WTMG] also controls the times she provides call coverage for patients of Jackson-Madison County General Hospital.

Based on this excerpt, Appellant argues that, because WTMG "delegate[d] medical management and administrative services to Dr. Walker," it did not exert "complete control and direction" over Dr. Walker as contemplated by the GTLA. In further support of this argument, Appellant also cites Dr. Walker's employment contract, which states, in pertinent part:

1.3 Nothing in this Agreement shall be interpreted to dictate Physician's practice of medicine, Physician's delivery of direct patient care, or Physician's independent judgment in the practice of medicine. **Physician shall have complete control over the diagnosis and treatment of patients assigned to Physician and the performance of professional medical services.** Neither the board of directors of Employer or Hospital nor any non-physician employee of Employer or Hospital shall exercise any direct supervision or control over the individual treatment of patients by Physicians.

(emphasis added) In essence, Appellant argues that because Dr. Walker had complete control over the diagnosis and treatment of her patients, she cannot be considered an employee of WTMG for the purposes of the GTLA.

In addressing Appellant's argument, we first note Tennessee Code Annotated section 68-11-205(f)(1), which states, in pertinent part:

Notwithstanding this section or any other law, nothing shall prohibit an employing entity from employing a physician; provided, however, that the employment relationship between the physician and the employing entity is **evidenced by a written contract, job description or documentation, containing language which does not restrict the physician from exercising independent medical judgment in diagnosing, referring or treating patients**.

Tenn. Code Ann. § 68-11-205(f)(1) (emphasis added). Based upon a plain reading of section 68-11-205(f)(1), it is clear that a physician-employee contract *must* contain language which reserves the practicing physician's ability to exercise their independent medical judgment as part of their employment. As such, we do not find that the language contained in Dr. Walker's contract is dispositive of Appellant's contention. Moreover, we note that if we were to adopt Appellant's requested interpretation, it would be difficult, if not impossible, for *any* physician to be considered to be employed by a governmental entity

- 6 -

due to section 68-11-205(f)(1)'s requirement. Such a result would clearly contravene the GTLA's intent as it expressly states that "health care practitioners" may constitute employees of governmental entities. Tenn. Code Ann. § 29-20-310(b). Therefore, we decline to accept Appellant's argument in this regard.

Furthermore, we also note that Appellant's contention that "[WTMG] certainly does not exercise complete control over Dr. Walker if they 'delegate medical management and administrative services to Dr. Walker'" misconstrues the plain language of section 29-20-107(a)(4). Nowhere in the statute does there appear a requirement that WTMG, or any governmental entity, exert *complete* control over an employee. Instead, section 29-20-107(a)(4) merely requires that "[t]he person acts **under the control and direction of the governmental entity**." Tenn. Code Ann. § 29-20-107(a)(4) (emphasis added). Aside from the fact that Appellant's argument inserts a standard that is not present in the requirements set forth by the GTLA, the purported standard of "complete control" presents practical difficulties. Indeed, this interpretation would likely render it near impossible for *any* health care practitioner to be considered employed under the GTLA. Of course, as we have noted, the GTLA merely requires that an individual "act[] under the control and direction of the governmental entity not only as to the result to be accomplished but as to the means and details by which the result is accomplished." Tenn. Code Ann. § 29-20-107(a)(4).[6] Appellant asserts that, in the underlying matter, there was no "control and direction of the 'means and details by which the result is accomplished.'" However, contrary to this argument, the record on appeal offers substantial support that Dr. Walker acted under the control and direction of WTMG for the purposes of achieving a result to be accomplished and the means and details by which it is to be accomplished. First, we note that WTMG does in fact dictate several facets of Dr. Walker's employment. Specifically, Dr. Walker's employment contract mandates her acquiescence to certain duties and covenants set forth by WTMG. Furthermore, WTMG also controls Dr. Walker's schedule and what patients she sees as part of her practice. Thus, Appellant's contention that WTMG exhibited "very little, if any" control over Dr. Walker is without merit.

In light of the above, we reject Appellant's contention that Dr. Walker is not an employee because WTMG does not dictate every facet of her employment. It matters not whether WTMG controls *every* facet of Dr. Walker's employment. Rather, we find that, based on the evidence in the record, Dr. Walker was subject to the various duties and covenants imposed on her by WTMG and that WTMG exhibited sufficient control over Dr. Walker's employment such that she may be considered an employee under section 29-20-107(a)(4)

_____

[6] Indeed, typically when determining whether an individual is an employee, the question is centered on whether the right to control existed, rather than whether it was actually exercised. *See Jones v. Crenshaw*, 645 S.W.2d 238, 240–41 (Tenn. 1983) (citing *Wooten Transports, Inc. v. Hunter*, 535 S.W.2d 858, 860 (Tenn. 1976)). Thus, we conclude that an individual may be considered an employee without the employing entity exhibiting complete control over the employee and their duties.

*Whether Dr. Walker Received the "Same Benefits" As All Other WTMG*
*Employees*

Appellant also contends that Dr. Walker was not an employee of WTMG because, pursuant to a provision in her employment contract, "she does not receive the same benefits as all other employees." In support of this argument, Appellant relies on Dr. Walker's employment contract wherein it states:

6. Benefits. Benefits are, as are all employment practices, administered in accordance with Employer's policies and are subject to change from time to time at the sole discretion of Employer.

a. General Benefits. Physician shall be entitled to benefits at the regular benefit level under the employee benefit plans of the Employer as in effect from time to time, with the following exception: Paid Earned Time (PET) and PET Sick time will be excluded from the benefit package and will not accrue. The plan documents for each such plan shall govern the eligibility of the Physician and the extent, if any, of the benefits that would be available to the Physician thereunder, and are subject to modification from time to time. Nothing in this agreement shall be deemed to modify any such plan document or to create any right in the Physician to any employee benefit other than in accordance with such plan documents as in effect from time to time. Certain components of this benefit package may be taxable, and, if so, Employer is required by law to withhold applicable taxes on such benefits.

Relying on this provision, Appellant then cites to section 29-20-107(a)(3), stating that, for the purposes of the GTLA, an employee shall "receive[] the same benefits as all other employees of the governmental entity in question including retirement benefits and the eligibility to participate in insurance programs." Tenn. Code Ann. § 29-20-107(a)(3). Appellant asserts that "[t]he statute does not say that the person receives **essentially** the same benefits as all other employees, it says that the person receives the **same** benefits as all other employees." (emphasis in the original) Therefore, Appellant argues, because Dr. Walker does not accrue paid earned time, she cannot be considered an employee under the GTLA. However, we again find Appellant's argument to be without merit.

Although we understand that section 29-20-107(a)(3) denotes that the benefits must be "the same," including "retirement benefits and eligibility to participate in insurance programs," we interpret this requirement to denote that the *benefits* themselves must be the same, rather than the manner in which they accrue. Thus, pursuant to section 29-20-107(a)(3), all employees must have access to the same benefits, meaning they must all be

afforded time off, retirement benefits, and insurance if any are. Based upon our review of the information available in the record on appeal, we find that Dr. Walker did indeed receive the same benefits as all other WTMG employees. In support of this, we note Ms. Reviere's affidavit wherein she states that Dr. Walker "receives the same benefits as all other employees of [WTMG] that are at the same benefit level, including retirement benefits and the eligibility to participate in insurance programs." Moreover, testimony from Darrell King, a WTMG executive, provided that "personal time or sick time" was "available in some form to all [WTMG] employees." As such, we find Appellant's contention that Dr. Walker does not receive the "same benefits" as other WTMG employees to be unsupported by the record. We are not concerned with the notion that Dr. Walker's benefits may accrue or be available to her in a different manner than other employees, rather, the dispositive question is whether she is afforded the same benefits as the other employees. Moreover, we note that, based on the nature of Dr. Walker's work as a physician, it would be essentially impossible for her to accrue her time off benefits in a similar manner as other employees who are non-physicians due to the fact of her irregular hours and requirement to be on call. As we understand it, Dr. Walker is entitled to receive leave time and sick time, the same as all other WTMG employees. We find that Dr. Walker does in fact receive the same benefits as other employees. Therefore, we conclude that Dr. Walker's employment satisfies section 29-20-107(a)(3) of the GTLA.

In light of the above, we find no error in the trial court's conclusion that Dr. Walker is an employee of WTMG. Moreover, because Appellant failed to include WTMG as a party defendant to his lawsuit, the trial court's dismissal of Appellant's claims against Dr. Walker was not in error. *See* Tenn. Code Ann. § 29-20-310(b).

## CONCLUSION

Based on the foregoing, we affirm the trial court's grant of summary judgment to Dr. Walker.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

- 9 -